CASE 22.—ACTIONS BY THE CITY OF COVINGTON AGAINST THE COVINGTON & CINCINNATI BRIDGE CO.; THE CITIZENS' TELEPHONE, AND THE UNION LIGHT, HEAT AND POWER CO., TO RECOVER A FRANCHISE TAX.—June 18.

# City of Covington v. Cov. & Cin. Bridge Co.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

Judgment for defendant in each action and plaintiff appeals—Affirmed.

Taxation—Assessment—Franchises—Corporation—Statutory Provisions—Repeal.—Act of 1898 (Ky. Stats., 1903, Sec.2984a), conferring on the city assessor of cities of the first and second classes authority to assess the franchises of corporations, was repealed by Acts 1906, p. 83, c. 22, entitled, "An act relating to revenue and taxation," the purpose of which, as indicated by its context and supported by its title, was to reduce into one all the previous acts bearing on the subject, and providing that all acts and parts of acts in conflict with this act are hereby repealed except certain named acts, and that all franchises except those exercised in cities of the first class are to be valued and assessed by the State board of valuation and assessment, and hence the assessor of a city of the second class has no power to assess for taxation the franchise of corporations.

F. J. HANLON city solicitor for appellant.

1. We contend that the Act of 1898 as embraced in Sec. 2984a, Ky. Stats., has not been repealed by the Revenue Act of 1906, and that the city assessor has the power to assess the franchise of the appellee corporations.

## AUTHORITIES CITED.

Session Acts of 1906, sec. 19, p. 248.

## CONSTRUCTION OF THE STATUTES.

Amer. & Eng. Ency. of Law, 2d ed., vol. 26, pp. 720, 721, 722, 723, 726, 739, 740, 741.

## KENTUCKY DECISIONS.

City of Covington v. Kenton County, etc., 26 Ky. Law Rep., 680, 681; City of Covington v. District of Highlands, 24 Ky. Law Rep., 435, 436; O'Mahoney v. Bullock, etc., 87 Ky. Law Rep., 781.

## CONSTRUCTION OF REVENUE STATUTES BY THE SUPREME COURT OF THE UNITED STATES.

Movius v. Arthur, 95 U. S., 420; Victor et al. v. Arthur, 104 U. S., 632; United States v. Gear, 3 How., 120; Indexed Digest U. S. Supreme Court Rep., vol. 2, p. 1497; Murphy, assessor, v. City of Louisville, 24 Ky. Law Rep., 1574, 1575, 1577.

## ACTS OF 1906.

Session Acts 1906, p. 248; Amer. & Eng. Ency. of Law, vol. 26, pp. 720-726.

## ADDITIONAL AUTHORITIES CITED.

Petition should be dismissed because plaintiff (below) has made no tender of taxes justly due: Eng. & Amer. Ency. of Law, vol. 27, pp. 723, 724; Frazer, etc., v. Seibern, etc., 16 O. Stats., 625; 2d vol. Cooley, pp. 1414, 1425; Merrill v. Humphrey 24 Mich., 170; Thompson v. City of Lexington, 20 Ky. Law Rep., 459, 460; Bell's Trustee v. City of Lexington, etc., 27 Ky. Law Rep., 595, 596; Albuquerque National Bank v. Perea, 147 U. S., 89, 90; Cooley on

City of Covington v. Cov. & Cin. Bridge Co.

Taxation, 1st ed., p. 538; 2d ed., pp. 763, 764; London v. City, 78 N. C., 109-114; Mayor v. Waring, 41 Ala., 139-150; High on Injunctions, 2d ed., vol. 1, sec. 497.

The doctrine stare decisis should be applied herein: Murphy v. City of Louisville, 24 Ky. Law Rep., 1575; Amer. & Eng. Ency. of Law, vol. 26, pp. 160, 161, 167.

ERNST, CASSA'CT & McDOUGALL for appellee.
THOS. H. PAYNTER of counsel.

### SUMMARY.

1. The city assessor was without power to make the assessment: Murphy v. City of Louisville, 114 Ky., 762.

2. The assessment complained of was made upon an erroneous principle and included the value of securities of another and distinct company not owned by appellee, and was fraudulent and excessive: Henderson Bridge Co. v. Commonwealth, 99 Ky., 621; Hager v. The American Surety Co., 29 Ky. Law Rep., 782; 2d Cooley on Taxation, 1459; C., B. & Q. R. R. v. Cole et al., 75 Ill., 591.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Affirming.

These three appeals involve the same common question, which is the power of the assessors of cities of the second class in this State to assess for taxation the taxable franchises of corporations. By the act of 1898 (section 2984a, Ky. St. 1903) the franchises of corporations were assessable for taxation by the city assessors of cities of the first, second, and third classes. In 1906 the Legislature revised and adopted a comprehensive system of taxation. By its provisions all franchises, except those exercised in cities of the first class, are to be valued and assessed by the board of valuation and assessment, composed of the Auditor of the State, the Treasurer, and Secretary of State. The title of the act of 1906 is: "An

act relating to Revenue and Taxation.'' Acts 1906,
p. 88, chapter 22. The act covers every phase of the
subject, in all its details. Its purpose, as indicated
by its context and supported by its title, was to reduce
into one, all the previous acts bearing on the subject.
The court will also take notice that this revision of
the revenue laws of the State was the result of a most
thorough investigation by a special committee raised
at the previous session of the Legislature, and in
response to representations coming from various com-
mercial and municipal bodies and individual taxpay-
ers.  Of previous acts many features had been de-
clared inoperative by the courts, for one reason or
another, and the purpose of the legislation on certain
features of the subject had failed because of certain in-
formalities pointed out in the decisions of the courts,
and shown in the experience of the tax gatherers. As
taxes must, by requirement of the Constitution, be
laid pursuant to general laws, and must be uniform
and equal, the mode of valuation and assessment of
taxable property should conform as near as the sub-
jects will permit to a uniform system of procedure in
finding its values. Not only does the act of 1906
(Acts 1906, p. 88, c. 22) purport to cover all the sub-
jects embraced by the previous acts relating to reve-
nue and taxation, but, to make the legislative pur-
pose clearer, if possible, it expressly repeals all pre-
vious conflicting acts, saving two exceptions. It reads
on this point: ''All acts and parts of acts in conflict
with this act are hereby repealed, except the act of
1904, approved March 24, 1904.'' (Relating to the
taxation of rectified spirits.) And: ''Nothing herein
shall be construed to repeal or amend chapter thirty-
three of the acts of 1904, approved March 18, 1904,
entitled an act to amend the revenue laws of the cities

of the first class so as to carry into effect the amendment of section 181 of the present Constitution.'' Thus we find the Legislature picking out the specific statutes on the subject in hand that were then in force that it desired to preserve from the operation of the revision. The act of 1898 was itself an exception to the general scheme of assessment for State taxation. It may be regarded as a legislative experiment. But upon further consideration of the whole subject in 1906, in which the entire system was worked over and revised, the experiment of the act of 1898 was abandoned as to all save first-class cities in favor of the one uniform system. That the Legislature saw proper to so provide is clear, although its purpose is made more manifest, we think, by a contemplation of what the result under the previous system must have been. The franchises of all corporations were taxed by the State, and, save in cities of the first, second, and third classes, were assessed by a central board of executive officers who possessed excellent opportunities and presumed qualifications for such work. Much desired uniformity and certainty as to values were thus attainable, except as to those corporations operating in the cities named. While in those cities presumably the same data were relied on by the local assessors in valuing corporate franchises, it was easily possible, and altogether likely, that varying results would be attained, as different men of different judgments acted upon the matter. The result was inharmonious, and consequently unsatisfactory. The one assessment of corporate franchises is the basis for its taxation by State, county, and municipal government. The assessment required by the act of 1906 is made to apply for all those purposes, except as to first class cities. As to that class, by virtue of the amendment

to section 181 of the Constitution, an altogether different mode of taxation is contemplated. The value of local assessors is one tried in long experience in this State, and is in harmony with the spirit of local self-government prevailing in our system. But obviously some subjects can be more justly and practically handled by a central board of broader powers. This is conceded, especially as to the assessment of railroad properties. And the legislative and executive departments have also found it so as to nearly all the corporations having taxable franchises. It is not for the judiciary to say as to the wisdom of such provisions. They lie altogether in the other departments.

The opinion in Murphy v. City of Louisville, 114 Ky. 762, 24 Ky. Law Rep. 1574, 71 S. W. 934, is relied on by appellant as sustaining a view contrary to that reached in this opinion. But it does not. That case involved the construction of the general revenue law of 1902, which, because of the limitation contained in its title, and the absence of a purpose to interfere with the system in vogue in the cities named, was held not to embrace the act of 1898 in the repealing clause. The difference between the acts of 1902 and 1906 is, in our opinion, that one clearly shows a purpose to repeal expressly all other conflicting acts (save the two expressly reserved from its operation), while the former did not show such purpose.

The judgment of the circuit court in each of these cases was in conformity to the views expressed in this opinion, and is therefore affirmed.