## City of Covington, on Relation, et al. v. Cincinnati, Covington & Rosedale Railway Company.

(Decided October 5, 1911.)

### Appeal from Kenton Circuit Court
### (C. C. L. & E. Division).

Franchises—Omitted from Assessment—Cities of Second Class.— Suit to Recover Taxes.—By the amendment to charters of cities of second class, embraced in section 14, chapter 106, Acts of 1910, franchise taxes omitted from assessment by a street railway company, may be sued for and recovered in a direct action by the city.

A. E. STRICKLETT, JOHN L. RICH and W. A. PRICE for appellants.

ERNST, CASSETT and COTTLE for appellee.

Opinion of the Court by William Rogers Clay,
Commissioner—Reversing.

The city of Covington, on relation of its delinquent tax
collector, brought this action against the Cincinnati, Cov-
ington & Rosedale Railway Company for the purpose of
recovering certain taxes on its franchise which it is al-
leged was omitted from assessments for the years 1905
to 1909, inclusive. The petition charges that the defendant
company failed and refused to make any report or state-
ment required by law for the purpose of ascertaining and
fixing the value of its franchise. It is alleged that the de-
fendant runs and operates a line of street railway and
owns and exercises a franchise in the city of Covington.
The petition sets out the value of defendant's franchise
for each of the years referred to, and the rate of taxation
imposed by the city for each of said years, together with
the amount of taxes due.

In paragraph two it is charged that the defendant
owns and operates a line of street railway and exercises
a franchise in the city of Latonia, and that the territory
constituting the city of Latonia was annexed to and be-
came a part of the city of Covington. The value of de-
fendant's franchise in the city of Latonia is set forth for
the years 1906 to 1909, inclusive, together with the rate
of taxation imposed by that city and the amount of taxes
due for each of said years. Defendant's demurrer to the
petition was sustained, and the petition dismissed. From
that judgment the city of Covington appeals.

This action was brought pursuant to an amendment to
section 3187 of the Kentucky Statutes, which amendment
is embraced in section 14, chapter 106, page 296, of the
Acts of 1910. That part of the amendment material to
this controversy is as follows:

"Where any property, subject to taxation, has been
omitted for assessment for any year or years, the city
may, by direct action, brought in the name of the city by
its city solicitor, city attorney or other duly authorized
agent, in any court otherwise competent for the purpose,
recover judgment against the person liable for the pay-
ment of taxes on such property (except persons under
disability of infancy, coverture or unsound mind) for such
amount as the taxes to the city on such property, with in-
terest and penalty thereon, would be for such year or

years, if the property had been assessed at its assessable value for such year or years, and the costs of the action. The judgment shall, from the time of its rendition, constitute a lien on the property and collection thereof may be enforced by sale of the property in the same manner as property is sold in satisfaction of liens created by contract. Such judgment may be collected by any means allowed by law for the collection of personal judgments.''

It is insisted by appellee, and the circuit court held, that the above amendment does not include franchises which are assessable by the State Board of Valuation and Assessment, as provided by section 4077 of the Kentucky Statutes. By the act of 1898, afterwards amended by the Act of 1900, the assessment of franchises in cities of the second class was placed in the hands of the city assessor. In the case of City of Covington v. Bridge Co., 126 Ky., 163, it was held that the General Revenue Act of 1906 repealed so much of the special acts of 1898 and 1900 as authorized city assessors in cities of the second class to assess franchises. It is, therefore, argued that the purpose of the Act of 1906 was to produce uniformity in the assessment of franchises and to place solely in the hands of the State Board of Equalization and Assessment the power to make such assessment; and that it was not the object of the Legislature by the amendment referred to, to interfere with the method of assessment. As well pointed out in the case of Commonwealth v. International Harvester Co., 131 Ky., 561, the legislative meaning is always the object sought in construing the statute. The first and most important rule of construction is to resort to the language of the act itself, and if the language be unambiguous, to gather the legislative purpose from the language employed. The language of the act before us is, ''where any property, subject to taxation, has been omitted from assessment for any year or years, the city may,'' etc. The word ''any'' is used in the sense of ''all.'' The act includes all property subject to taxation that has been omitted from taxation, it matters not in what manner it may be assessed. To give the act the construction contended for by appellee would be to give to the words employed a meaning which they do not ordinarily convey, or to interpolate into the statute words that the act does not contain. The construction which we place upon the act will not in any wise destroy the effect of section 4077 of the Kentucky Statutes, making it the duty of the State Board of Equalization and As-

sessment to fix and apportion the values of franchises and certify them to the proper municipal authority, provided such corporations as are required to report to that body comply with the law. If proper report is made, there will still be uniformity of assessment. It is only when proper report is not made by the corporation and its property is omitted from assessment that the act in question authorizes suit to be brought and the circuit court to hear evidence and determine the value of the omitted property.

Being of the opinion that the language of the amendment is sufficiently broad to include all property subject to taxation that has been omitted from assessment, and that this language necessarily includes appellee's franchise, we conclude that the circuit court erred in sustaining the demurrer to the petition.

For the reasons given, the judgment is reversed and cause remanded, with directions to overrule the demurrer.