## Western & Southern Life Insurance Company v. Weber.

(Decided January 24, 1919.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

1. Statutes—Construction—Intent.—In the construction of statutes the intention of the legislature in enacting them must prevail, and such intention is to be gathered from the words which the legislature employed. If those words are distinct, plain and unambiguous they must be given effect, although such construction might curtail the application of the statute so as to partially defeat the general purpose which the legislature had in view, since it is the duty of courts to construe that which is written and

not to amend, change or alter a plainly written statute so as to make it accomplish some supposed purpose of the legislature in enacting it.

2.   Insurance—By-Laws Attached to Application—Evidence.—Section 679 of the Statutes requiring applications, by-laws and other documents (or copies thereof) referred to in a policy of insurance to be attached thereto and forbidding the introduction of such documents as evidence in any action upon the policy unless so attached does not apply when the policy makes no reference to such application, by-laws or other documents.

3.   Insurance—By-Laws Attached to Application.—Neither do the provisions of section 656 of the Statutes require such documents to be either attached to or contained in the policy, since that section treats of and relates only to rebates.

HUGH B. FLEECE for appellant.

J. M. CHILTON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On 'March 29, 1915, the appellant and defendant below, Western & Southern Life Insurance Company, issued a policy to the appellee and plaintiff below, Katherine Weber, by which it agreed in consideration of the payment of stipulated weekly premiums to pay to plaintiff as beneficiary, upon the death of her husband, John L. Weber, the sum of $200.00, upon certain conditions named in the policy, only one of which is here involved and will be hereinafter referred to. On October 10 of the same year John L. Weber died, and defendant failing to pay the amount of the policy after proof of death, plaintiff filed this suit to recover the amount of the policy, and upon trial there was a judgment in her favor for the sum of $200.00. Complaining of the judgment, the defendant has filed a transcript of the record in this court, accompanied by a motion for an appeal.

The first paragraph of the answer is a denial of certain allegations in the petition. The second paragraph pleads in substance that plaintiff made written application for the policy and stated therein among other things that her husband, the insured, was only 49 years of age, and that it relied upon that statement and issued the policy, which it would not have done had it known that the statement was false and fraudulently made; that in truth and in fact her husband was at that time 56 years of age. It further alleged that according to its method

of business in issuing that character of policy (which is known as an industrial one) it did not require a medical or physical examination of the insured when he was under fifty years of age, but that such examination was required when the age of the insured was above fifty years, and that if the true age had been stated an examination would have developed that he was insane at the time and actually confined as an inmate of the Central State Hospital at Lakeland, Kentucky. A third paragraph alleged that the policy itself contained a provision that it would be void if the insured had or ever had any disease of the brain, and that at that time he was not only afflicted with such disease, but had been so for a considerable time prior thereto. A demurrer was filed and sustained to those two paragraphs, and defendant declining to plead further, judgment was rendered against it.

The ruling of the court in sustaining the demurrer was bottomed upon the idea that the defenses relied upon in the two paragraphs in question were not available, since it was held that they grew out of statements and representations made in the application for the policy, and neither the application nor a copy thereof was attached to the policy as required by the provisions of sec. 679 of the Kentucky Statutes. The policy sued on nowhere contains any reference to the application or by-law or other paper or document as forming part of the insurance contract between the parties, or as having any bearing thereon; so the question is whether the court was correct in concluding that the section of the statute, *supra*, applied to the facts of this case. That section, so far as pertinent to the question involved, reads:

"All policies or certificates hereafter issued to persons within the Commonwealth of Kentucky by corporations transacting business therein under this law, which policies or certificates contain any reference to the application of the insured, or the by-laws, or the rules of the corporation, either as forming part of the policy or contract between the parties thereto, or as having any bearing on said contract, shall have such application, by-laws and rules, or the parts thereof relied upon as forming part of the policy or contract between the parties thereto, or as having any bearing on said contract, attached to the policy or certificate, or printed on the face or reverse side thereof, and unless either so attached and accompanying the policy, or printed on the face or reverse side thereof,

shall not be received as evidence in any action for the recovery of benefits provided by the policy or certificate, and shall not be considered a part of the policy, or of the contract between the parties."

Prior to the enactment of that statute in 1893, the rule prevailed without exception, so far as we are aware, that an insurance company in a suit upon a policy issued by it might rely upon the written application made for the policy or any by-law or constitution of the company as forming a part of the contract and bearing thereon. although neither the original nor any copy thereof was contained in, referred to, or attached to the policy. This rule was so general that we deem it unnecessary to make reference to the authorities, except the two late cases from this court of Grand Lodge A. O. of U. of Kentucky v. Denzer, 129 Ky., 202, and Supreme Council C. K. A. v. Fenwick, 169 Ky. 269. Hence, were it not for the statute, the defendant in suits like this could rely upon any matters contained in documents of the character referred to in the statutes, regardless of whether they or any copies thereof were attached, referred to or contained in the policy, and this right still exists unless prevented by the statute. We are therefore called upon to determine whether the provisions of the statute apply to and include applications, by-laws, &c., not referred to in the policy.

Many rules exist as guides to the court in construing statutes, chief among which is that the intention of the legislature shall prevail. Another of equal dignity and as firmly fixed in the law is that no intention shall be read into the wording of the statute contrary to the plain meaning of the language employed. Setting forth the latter rule, Sutherland on Statutory Construction, second edition, by Lewis, section 367, says:

"When the intention of the legislature is so apparent from the face of a statute that there can be no question as to the meaning, there is no room for construction. It is not allowable to interpret what has no need of interpretation. To attempt to do so would be to exercise judicial (legislative) functions. There is no safer or better settled canon of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly expresses. These views of eminent courts are supported by numerous cases. When the meaning of a statute is clear, its consequences, if evil, can only be

avoided by a change of the law itself, to be effected by the legislature and not by judicial construction.'' In support of the text cases are cited from almost every state in the union, including many from the Federal courts, among which is that of Robertson v. Robertson, 100 Ky. 696, in which Judge Lewis, speaking for the court, among other things, says:

''When a statute is plain and peremptory there is nothing for the court to do but to enforce it as it is written.''

So imperative is this rule that, as stated in sec. 366 of the work by Mr. Sutherland, *supra*: ''We are not at liberty to imagine an intent and bind the letter of the act to that intent; much less can we indulge in the license of striking out and inserting, and remodeling, with the view of making the letter express an intent which the statute in its native form does not evidence.'' Further along in the same section the same rule is expressed in this language: ''The legislature must be understood to mean what it has plainly expressed, and this excludes construction. The legislative intent being plainly expressed, so that the act read by itself, or in connection with other statutes pertaining to the same subject, is clear, certain and unambiguous, the courts have only the simple and obvious duty to enforce the law according to its terms. Cases can not be included or excluded merely because there is intrinsically no reason against it. Even when a court is convinced that the legislature really meant and intended something not expressed by the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of language which is free from ambiguity. . . . Where that which is directed to be done is within the sphere of legislation, and the terms used clearly express the intent, all reasoning derived from the supposed inconvenience, or even absurdity, of the result is out of place. It is not the province of the courts to supervise legislation and keep it within the bounds of propriety and common sense.''

These rules were early adopted by this court in the case of Bosley v. Mattingly, 14 B. Mon. 73, where, in the opinion delivered by Judge Simpson, it is said:

''It may be proper in giving a construction to a statute to look to the effects and consequences, when its provisions are ambiguous, or the legislative intention is doubtful. But, when the law is clear and explicit, and its

provisions are susceptible of but one interpretation, its consequences, if evil, can only be avoided by a change of the law itself, to be effected by legislative, and not judicial action.' To the same effect is Endlich on the Interpretation of Statutes, secs. 127 and 128.

Another rule for the construction of statutes which we think under the unambiguous wording of sec. 679 should be applied is that embodied in the maxim: "*Expressio unius est exclusio alte rius*" (Broom's Legal Maxims, star page 581, and Sutherland on Statutory Construction, *supra,* secs. 491-494) since the section by expressly confining its provisions to applications, bylaws, &c.—a reference to which is contained in the policy —necessarily excludes from its provisions such documents when they are not referred to in the policy.

Applying these rules to the language of the section under consideration, we are forced to the conclusion that it has reference to and includes only applications, bylaws, constitutions, &c., which are referred to in the policy as containing a part of the contract. The express words of the section only purport to treat of such application and other documents as the policy refers to, and necessarily if it contains no reference to such papers they occupy the same relation to the rights of the parties as they did before the statute was enacted.

It might be said that this construction of the statute largely impairs the beneficial results and frustrates the purpose intended to be accomplished by the legislature in its enactment, but the answer is to be found in the language hereinbefore quoted that "Even when a court is convinced that the legislature really meant and intended something not expressed by the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of language which is free from ambiguity."

The judiciary is but one of the three component parts of our form of government. Its duty is to interpret and construe laws, not to enact them, and if a plainly warranted construction of a statute should result in a failure to accomplish in the fullest measure that which the legislature had in view, the remedy is legislative action and not judicial construction.

Many cases from this court have had under consideration the section of the statute here involved, but in none of them has the question now before us been presented or determined. In each of the cases heretofore coming to

this court there was a reference made in the policy to the non-attached papers, and of course those cases came directly within the express words of the statute. The precise question, however, has been adjudicated by the highest courts of Massachusetts and Oklahoma in the two cases of Holden v. Prudential Insurance Company of America, 191 Mass. 154; Continental Casualty Company v. Owen, 38 Okla. 107, and by the United States Circuit Court of Appeals for the Third Circuit, in the case of Hews v. Equitable Life Assurance Society, 143 Fed. Rep. 850. The statutes involved in those cases were identical with ours in requiring the applications, &c., which were referred to in the policy, to be attached thereto, and in passing upon the question the Massachusetts Supreme Court said:

"While the language of the statute is broad enough to prevent the use of an application to prove fraud, when the policy refers to an application and it is not attached to the policy, there is no reason for extending the statute by construction, so as to make it prevent the proof of fraud by an application, when the policy contains no reference to an application. It is not the policy of the law to create unnecessary obstacles to the proof of fraud."

The court in the two other cases cited used substantially the same language, holding that if there is no reference in the policy to the non-attached papers, there is no obstacle in the way of their use by the defendant to prove fraud vitiating the policy. We therefore conclude that the court erred in sustaining the demurrer to paragraphs two and three of the answer.

For an additional reason it was error to sustain the demurrer to the third paragraph of the answer. As a defense it relied upon matters appearing both in the appication and the policy, the latter containing this condition: "and shall be void (the policy) if the insured . . . has had before said date (of the policy) any . . . disease of the brain." Even if the statute which we have considered had been applicable to the facts of this case, a violation of it would not have prevented this defense, since it is one, as we have seen, based upon a condition contained *in the policy,* for "the failure of the insurance company to attach a copy of the application to the policy will not preclude it from relying on any defense that it may have under the express terms of the policy without reference to the application." 14 R. C. L. 886.

Neither can the judgment be sustained under the provisions of sec. 656 of the statutes, since it purports to
and does deal only with rebates.

We therefore conclude that the demurrer to paragraphs two and three of the answer should have been
overruled, and the motion for the appeal is sustained,
the appeal granted, and the judgment is reversed for proceedings consistent herewith.  The whole court sitting.