## Western Kentucky Coal Company v. Nall & Bailey.

(Decided February 19, 1929.)

(As Modified on Denial of Rehearing, March 19, 1929.)

RAYBURN & WITHERS for appellant.

C. H. LISMAN and C. S. NUNN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

The act approved March 12, 1924 (Acts 1924, c. 71), is in the words: "That an individual, firm, partnership, or organization or corporation, employing labor who may hereafter issue any script, due bills, checks, or other evidence of debt, in any form, for labor shall redeem same in cash or legal tender at face value at least once each month on a regular pay day from any person or persons, firm or corporation who may present the same for payment: Provided, that any person, firm or corporation, buying said script or other evidence of debt which has been issued to employees for labor shall be entitled to sue the person, firm or corporation issuing the same in payment is refused, and shall be entitled to recover face value therefor if it has been paid for in goods and merchandise, in store, and if paid for in cash, shall be entitled to recover amount paid for said script or other evidence of debt issued to employees, together with six per cent. interest from date said script was purchased, and in the event said amount paid for said script or other evidence of debt issued to emloyees, is less than the face value thereof, and that the amount paid and interest thereon is less than face value of said script, the residue of the face value thereof shall be credited on the books of the employer to the employee to whom it was issued and said employee shall be entitled to receive same on any regular pay day of said employer; and provided, that the person, firm or corporation, suing said employer to recover on

said script or other evidence of debt shall not be required to make the persons from whom said script or other evidence of debt was purchased, party or parties to any action brought to enforce collection for same. All persons, firms and corporations, purchasing script or other evidence of debt issued to employees on account of labor shall keep an accurate record of the amount of script or other evidence of debt purchased and this record so kept shall show the name of each person from whom script or other evidence of debt issued to employees for labor was purchased, the amount purchased, date thereof, and amount paid in goods or in cash or other thing of value, and who issued said script or other evidence of debt so purchased. This act shall not apply to persons, firms or corporations employing less than twenty persons. The itemized statement from the record so kept shall be presented when payment is demanded for script or other evidence of debt, so purchased from any person, firm or corporation and said statement shall be properly sworn to by the person presenting same, or by his or its agent.''

The West Kentucky Coal Company operates a coal mine and employs more than 20 persons as laborers. In payment for labor it issues to its miners brass disc orders, ranging in amount from 5 cents to $1, but all the same, except the amount. On one side are inscribed these words: ''West Kentucky Coal Company Incorporated. Good at company's store. W. K. C. Co.'' On the other side, where the amount is $1.00,'' these words are inscribed: ''Miners orders advance bearer one dollar in merchandise.'' Where the order is for a less sum than one dollar, this sum is specified, where the words ''one dollar'' occur.

Nall & Bailey are merchants running a merchantile establishment in competition with the coal company's store, and they brought this suit against the coal company to recover $2,050.50, the amount of the metal discs issued by the coal company to its employees, which they had taken in at their store in payment for merchandise They complied with the provisions of the act in keeping an accurate record of the amount of script purchased and the name of each person from whom it was porchased, date thereof, etc., and presented this record when demanding payment for the script. The allegations of the petition were controverted. The plaintiffs intro-

duced their evidence. The company then moved for a peremptory instruction, which was refused. The company then declined to introduce any evidence, and the court peremptorily instructed the jury to find for the plaintiff. The company appeals.

It is insisted for the appellant that, before appellees can sue appellant, they must allege and prove that the parties from whom they purchased were laborers for the maker. In other words, it appears that some of the parties from whom the plaintiffs purchased were not laborers. But it is undisputed that all of the checks were issued to laborers. The statute plainly does not confine the right of action to the person who buys from the laborer. For the Legislature well knew that it is notorious that the laborers about a coal mine frequently pass these discs to others; in fact, they furnish a large part of the currency used there. For this reason the statute requires the employer to redeem same, at least once in each month, on a regular pay day, from any person or persons who may present same for payment, and further provides that any person or persons buying the script which has been issued to employees for labor shall be entitled to sue the person or firm or corporation issuing the same if payment is refused. In other words, the statute clearly gives the person who may present the discs for payment a right to sue the employer thereon, if not paid.

It is also insisted that the plaintiffs may not recover, because it is shown by their proof that sometimes after a disc was placed in the bag other discs were substituted for it in making change in the store. But this is immaterial, if they kept a correct list of what was in the bag after the exchange was made, and this the proof shows they did. The clear purpose of the statute was to protect the employees from having to buy at the company's store. The provision that the employee might be credited by the balance, when the person presenting the script had not paid par for it, has no application here, because the undisputed testimony is that the plaintiffs paid par in merchandise for all the script they bought. This provision for the protection of the laborer in no manner affects the right of the purchaser to sue for the full amount of the script, where he has paid par for it to the person from whom he bought it. The statute must be fairly construed to carry out the legislative purpose as expressed in the act.

It is contended that the purpose of the statute was to protect the wage-earner against scalpers, who buy trade checks at large discount, and that the act should be construed to require the purchaser, not only to make a record of the name of the one from whom he purchased, but that he should require also a like list to be furnished him by the seller, if the seller was not himself the laborer who drew the check, and further, when a party purchases from another party who purchased checks, and the seller did not make a list of the names of the laborers from whom he purchased and deliver it, along with the checks, to the last purchaser the act would be violated. But we are unable to sustain this contention. There is nothing in the statute from which that construction could be deduced. The court can enforce the statute only as written, and the intent of the Legislature must be deduced from the language it used, when it is plain and unambiguous, as it is in this instance.

Judgment affirmed.