GEORGE DE LONJAY, RESPONDENT, v. HARTFORD ACCIDENT & INDEMNITY COMPANY AND GRONE CONSTRUCTION COMPANY, DEFENDANTS, GRONE CONSTRUCTION COMPANY, APPELLANT.—35 S. W. (2d) 911.

St. Louis Court of Appeals.   Opinion filed March 3, 1931.

*Holland, Lashly & Donnell* and *Harold C. Ackert* for appellant.

36

*Bartley & Mayfield* for respondent.

SUTTON, C.—This is an action under the Workmen's Compensation Act. There is no dispute about the facts. The Grone Con-

struction Company was a general contractor, and as such contractor, it had a contract for the alteration and repair of a building located on Easton Avenue, in St. Louis. It subcontracted the roofing work to Henry A. Marshal. The claimant was accidentally injured while in the employ of said Marshal as subcontractor. The Grone Construction Company was a major employer and within the Workmen's Compensation Act. Marshal was a minor employer and not within the act. The claimant was not employed by the Grone Construction Company. The Hartford Accident & Indemnity Company is the insurer of the employees of the Grone Construction Company. The Compensation Commission awarded the claimant compensation for permanent partial disability for 29.8 weeks, at $20 per week, and for medical expenses $110, against both the Grone Construction Company and the Hartford Accident & Indemnity Company. Both companies appeal to the circuit court. In the circuit court the award of the commission was in all respects affirmed. From the judgment of the circuit court affirming the award, the Grone Construction Company has appealed to this court.

Appellant insists here that the court erred in affirming the award of the commission, on the ground that the claimant was employed by a minor employer who had not accepted, and was not subject to, the provisions of the Compensation Act, and the act provides no liability on the part of a general contractor for the payment of compensation to an employee of such a minor employer. This insistence involves the construction of the provisions of subsections (c) and (d) of section 3308 of the Compensation Act, Revised Statues 1929, which are as follows:

"(c) The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor but such independent contractor shall be deemed to be the employer of the employees of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work.

"(d) In all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractors. All persons so liable may be made parties to the proceeding on the application of any party. The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable, with attorney's fees and expenses of the suit. Such recovery may be had on motion in the original proceedings. No such employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer."

It is too clear to admit of discussion that the claimant here is within the provisions of subsection (c), and the first clause of sub-

section (d), and it is equally clear that he is not within the provisions of the last clause of subsection (d), for he was at the time of his injury an employee of the appellant's subcontractor, and was employed on and about the premises where appellant, as the principal and immediate contractor, was doing work, and he was not insured by his immediate employer, the subcontractor, and there was no intermediate employer. It is manifest that the claimant is within the letter of the act. We think he is also within its spirit. The provision making the principal contractor liable to the employees of subcontractors was inserted to prevent the principal contractor from escaping all liability and leaving such employees without protection, either under the Compensation Act or at common law, by a series of subcontracts with persons or corporations without financial responsibility. It is inconceivable that the Legislature intended that the principal contractor should be allowed to accomplish just this circumvention through a series of subcontracts with irresponsible minor employers who do not accept the provisions of the Compensation Act. Appellant places much reliance for the support of its view upon the clause of subsection (d), providing that the liability of the immediate employer shall be primary, and that of the other secondary, and that any compensation paid by those secondarily liable may be recovered from those primarily liable. Appellant argues that the necessary meaning of this clause is that, since there can manifestly be no recovery by the principal contractor from the immediate employer unless the immediate employer is liable to the employee under the act, there can, therefore, be no liability on the part of the principal contractor unless the immediate employer is liable to the employee under the act. But the clause does not say that the immediate employer must be liable to the employee under the act in order to make the principal contractor liable to the employee. The obvious purpose and intent of the clause is, not to disturb or affect the liability of the principal contractor to the employee, as clearly provided for and defined by the other clauses of the subsections, but to merely give the principal contractor recourse on the immediate employer for compensation paid to the employee, in case the immediate employer is liable to the employee under the act. If the principal contractor does not have recourse in every case, it is because of a situation which the contractor itself has created by subcontracting with a minor employer who does not accept, and is therefore not subject to, the provisions of the act. Of this the contractor has no right to complain. The most that can be said of the clause in question is that it introduces ambiguity, and, under the rule of liberal construction, this must be resolved in favor of the right of the employee to compensation. Surely, it does not justify interpolating into the act language which the Legislature did not see fit to put into it.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.