MAXWELL *v.* BECK.

(*Knoxville*, September Term, 1935.)

Opinion filed Nov. 23, 1935.

GOINS & GAMMON, of Chattanooga, for plaintiff in error.

CHAMLEE & CHAMLEE, of Chattanooga, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

. John Beck brought this suit against E. G. Maxwell and Louis Vetter under the Workmen's Compensation Act (Code 1932, section 6851 et seq.) to recover compensation for injuries received in the course of his employment. The trial judge dismissed the suit as to Louis Vetter, but rendered judgment against Maxwell in the sum of $362.90 and costs. Maxwell has appealed to this court and assigned errors.

The record discloses that Maxwell had the contract to erect a building in the city of Chattanooga, and subcontracted the plastering and stucco work to Louis Vetter. Beck was employed by Vetter as a plasterer on the building, and while engaged in such work, as Vetter's employee, was injured by the breaking of a ladder. Beck received his working directions, orders, and pay from Vetter, and not from Maxwell.

Maxwell let several portions of the construction work to subcontractors, but retained other portions to be performed by himself, and, in this connection, had over five employees working directly under him. Vetter had only four employees working under him on this building.

Section 15 of the Act (Code, section 6866) is as follows:

"A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject-matter of the contract to the same extent as the immediate employer. . . .

"Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but such proceedings

shall not constitute a waiver of the employee's right to recover compensation under this chapter from the principal or intermediate contractor, provided that the collection of full compensation from one employer shall bar recovery by the employee against any others. . . .

"This section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management."

To limit the liability thus created to cases where the immediate employer is liable under the act, would place it within the power of the principal contractor to evade the act by letting the work to subcontractors who would stay beyond the reach of the statute by employing less than five persons and not electing to accept the act. Such construction would be hostile to the very purpose and intent of the act.

The Workmen's Compensation Act is remedial, intended to burden industry with the responsibility of industrial accidents by requiring compensation to injured employees, and is to be applied fairly and broadly to accomplish the ends intended. *Cherokee Brick Co.* v. *Bishop*, 156 Tenn., 168, 299 S. W., 770; *Partee* v. *Memphis Concrete Pipe Co.*, 155 Tenn., 441, 295 S. W., 68; *Johnson Coffee Co.* v. *McDonald*, 143 Tenn., 505, 226 S. W., 215. The act is to be liberally construed. *Knox* v. *Washer*, 153 Tenn., 630, 284 S. W., 888; *Leonard* v. *Cranberry Furnace Co.*, 150 Tenn., 346, 265 S. W., 543. Under this rule of liberal construction, words cannot be given a restricted or literal meaning to defeat the legislative intent. *Diamond Coal Co.* v. *Jackson*, 156 Tenn., 179, 299 S. W., 802.

It is insisted on behalf of Maxwell that the words "to the same extent as the immediate employer," found

in the first paragraph of the above section of the act, must be construed as limiting the liability of the principal, intermediate, or subcontractor to cases where the immediate employer is liable for compensation under the act. The argument is pressed that Maxwell cannot be held liable to Beck because Vetter did not come within the scope of the act, in that he employed less than five persons for pay on the work he contracted to perform, and had not elected to accept the act by filing certain written notices.

Under the above section of the act, principal contractors are made liable for injuries received by employees of subcontractors arising out of and in the course of their employment on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management. The clear intent and purpose of the Legislature in the enactment of the above section was to insure, as far as possible, to all workmen, so engaged, payment according to the schedule of benefits provided elsewhere in the act, when injured in the course of their employment.

Applying these recognized rules of construction to the above-quoted section, we think that the words ''to the same extent as the immediate employer,'' found in the first paragraph thereof, were not intended to limit the liability of the principal, or other contractor, but were inserted for the purpose of imposing upon them liability equal in all respects to the liability imposed, by other provisions of the act, upon immediate statutory employers.

We must, therefore, conclude that the circumstance that Vetter employed less than five persons for pay, on this particular work, and had not elected to accept the act, and was not by reason of these things a statutory ''em-

ployer," cannot have the effect of releasing Maxwell from liability under the act. Beck was a workman on or about the premises on which Maxwell had undertaken to execute work and was injured in the course of his employment. We think he is entitled to recover from Maxwell the compensation fixed by the act.

The result is that the judgment of the trial court must be affirmed.