DOMINICK ARDUINI *vs.* GENERAL ICE CREAM COMPANY ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued April 8th—decided May 12th, 1937.

*Harry B. Dinerstein,* for the appellant (plaintiff).

*Daniel L. O'Neill,* with whom was *John E. Mc-Nerney,* for the appellees (defendants).

HINMAN, J. The finding of the compensation commissioner, with such corrections as the trial court justifiably held warranted, discloses the following facts material to the present inquiry: On the morning of Saturday, August 8th, 1936, the plaintiff was working in the freezing room of the named defendant. While he and a fellow-employee were lifting a can of ice cream mix he felt a "snap" in the left side and said to his companion, "Gee, I felt a snap," but he felt no pain, it did not hurt, and he forgot about it and continued to work the remainder of the day. Early in the evening, while at home, he discovered a lump in his left groin which he reported to his foreman on Monday morning and was sent to the company's doctor for examination, which disclosed a "recurrent direct inguinal hernia with no tenderness or pain on the edges of the ring through which the protrusion came." His medical history revealed that in May, 1932, he was operated on for hernia on the left side and that on May 14th, 1936, a pre-employment physical examination showed that the rings on both sides were enlarged. The plaintiff returned to work on Tuesday and worked all day but has not returned since that date.

The compensation commissioner found that the "snap" which the plaintiff felt "is equivalent to feeling pain, when related to hernia," and held that "he felt pain immediately following" an injury arising out of and in the course of his employment, and awarded compensation. On the appeal the Superior Court held that this finding was unwarranted, that, instead, it should be found that the plaintiff felt no pain and that, under the applicable statutory provision (in § 5237 of the General Statutes) he was not entitled to compensation. The correctness of these conclusions is the point decisive of the present appeal.

The history of the special provision regarding hernia here involved, in our Workmen's Compensation Law, has been reviewed in *O'Brien* v. *Wise & Upson Co., Inc.* (1928) 108 Conn. 309, 145 Atl. 155, and summarized in *Clini* v. *New Haven Brewing Co.,* 119 Conn. 556, 558, 177 Atl. 745. The provision, first made in 1927 (Public Acts, Chap. 307, § 4), was that "In order to be entitled to compensation for a hernia, the employee shall prove that the hernia resulted from an accidental injury, that inability to work immediately followed such accident, that there was not a pre-existing hernia at or prior to the accident for which compensation is claimed and that, within two weeks thereafter, the facts of such accident were communicated to the employer." The purpose of this provision, we held, was "to afford a means of assurance that when incapacity was claimed to be due to hernia, the hernia really resulted from an injury or strain occurring in the course of the employment and not from some strain or effort which occurred outside the scope of the employment. The special requirements made with reference to hernia are in their nature facts tending to evidence the actual connection between the incapacity and the claimed injury." *Clini* v. *New*

*Haven Brewing Co.*, supra, p. 559. Proof is required that the usual form of hernia—the hernia of effort—was caused by a strain or other accident arising out of and in the course of the employment. *O'Brien* v. *Wise & Upson Co., Inc.*, supra, p. 317.

In the case last cited we held, by a divided court, that in order to satisfy the requirement of proof "that inability to work immediately followed [the] accident" such inability must follow an injury "presently, without any substantial interval of time," so that when, as in that case, the employee continued his work for a week after the claimed injury, he was not entitled to compensation. Apparently as a result of the decision in that case and the considerations advanced in the dissenting opinion therein the General Assembly at its next session (1929) amended this provision by substituting for the requirement of proof "that inability to work immediately followed such accident" one for proof that the hernia resulted from an accidental injury "accompanied by evidences of pain [and] that inability to work followed such accident within one week." Public Acts, 1929, Chap. 242, § 2. The same provision continues in § 5237 of the General Statutes. The effect of this change was to liberalize the requirement as to inability to work so that the injury may be compensable although such inability may not "immediately" follow the accident, if it ensues within one week, but to impose, as an additional assurance that the hernia resulted from accidental injury, a requirement of proof of such injury "accompanied by evidences of pain." The present case presents the question as to what is essential in order to satisfy the requirement last quoted.

The underlying reason for such special provisions in this and other States is that owing to the nature of hernia and its onset, a lifting or straining, perhaps

months before, may be assigned as the producing cause and the basis of a claim for compensation the merits of which, due to lapse of time and lack of notice to the employer, are extremely difficult of just determination, and the purpose is to restrict compensation to those cases where there is relative coincidence of accident and some significant manifestation of a hernia resulting therefrom, and thereby measurably alleviate that difficulty. We said in *O'Brien* v. *Wise & Upson Co., Inc.,* supra (p. 318): "If this were a matter of which we could take judicial notice, we would find surgical authority holding that a hernia which was actually caused by a strain is ordinarily accompanied by pain and immediate inability to proceed with the work that was being done." We there held that the legislation mentioned made proof of inability to work immediately following the accident an essential to compensable hernia. The later amendment (1929), while liberalizing this requirement so that the requisite inability to work might follow, instead of immediately, within one week, adopted the other suggested manifestation—of pain accompanying the accidental injury—as an additional safeguard in fixing the time and the circumstances of the incurrence of hernia. Its appropriateness for this purpose is indicated by uncontradicted medical testimony in the present case that ordinarily a traumatic hernia "comes through in a hurry, it does some damage coming through; tears the ring, at least stretches it to a point when there is some fibre rupture, with accompanying tenderness and pain."

Nontechnical definitions of "pain" while varying in form of expression all connote some degree of distress or suffering. Webster's New International Dictionary (2d Ed.); 7 Century Dictionary & Encyclopedia, p. 4232; *Merriam* v. *Hamilton,* 64 Ore. 476, 103 Pac. 406;

Words & Phrases (2d Series) Vol. 3, p. 863; (3d Series) Vol. 5, p. 801; (4th Series) Vol. 3, p. 15; 46 C. J. p. 1169. The amended statute also goes farther than to render pain attending injury sufficient of itself to render hernia compensable; it requires that the injury be "accompanied by evidences of pain." Therefore it would not be sufficient if the employee felt pain subjectively; it must be manifested objectively by some outward sign or indication evidencing it, significant of its occurrence and of the time thereof analogous to the evidence afforded, under the statute of 1927, by immediately ensuing inability to work. Evidence of this kind may be afforded in various ways, as by observed involuntary gesture, facial expression, or exclamation indicative of distress.

We are constrained to find the trial court correct in holding that the finding that the "snap" was equivalent to pain for the present purpose lacked support from the record. The plaintiff, who appeared at the hearing without counsel and was examined by the commissioner, naively or frankly disclaimed repeatedly that he felt any pain, stating that he "felt the snap; it didn't hurt; I forgot all about it; I didn't know I was hurt; I kept on working." It was only when he had finished his day's work and gone home and was taking a shower that he noticed the lump in his side. The trial court's statement that "all of the evidence on this point is to the effect that the claimant did not feel pain" is borne out by the record. If the snap could be held to constitute pain or to be equivalent thereto, the plaintiff's statement to his fellow-employee that he felt that snap could be held an "evidence of pain," but since it must be held, instead, that there was no pain, the declaration may not be regarded as that "evidence of pain" which the statute

contemplates and requires in order to entitle one to compensation.

We are not unmindful that it can be claimed with reason that evidence of such a muscular manifestation as occurred in the present instance might come within the purposes of the statutory provision as well as that of pain. However, especially as the precise terms of these enactments, it has been disclosed in previous cases, have been agreed upon by representatives of both employers and employees (*O'Brien* v. *Wise & Upson Co., Inc.,* supra, p. 323) we are not at liberty to extend, by interpretation, the meaning implicit in the language employed, in order to provide a more liberal rule of compensation than that which the legislature has seen fit to adopt. Idem, p. 319.

There is no error.

In this opinion the other judges concurred.