### RALPH ST. JOHN, CLAIMANT
*vs.*
### U. PICCOLO & CO., INC., EMPLOYER, ET AL., RESPONDENTS

Superior Court     New Haven County     File No. 60828

MEMORANDUM FILED OCTOBER 21, 1941.

*Joseph Weiner,* of New Haven, for Claimant.

*Martin E. Gormley,* of New Haven, for the Respondents.

DICKENSON, J. The matter came before me on appeal from the original finding and award and was returned to the Commissioner with a direction for an additional finding as appears by my memorandum of September 16, 1941.

The additional finding has been made and by consent of the parties the matter is before me for final judgment upon appeal from the finding and award as corrected.

From the finding as corrected it appears the plaintiff had no preexisting hernia and that after he had loaded a bag of potatoes on the defendant's delivery truck and had got down and was walking away from the truck "he felt a burning sensation in his lower left abdomen", that he told his superior about it and on his advice sat down for five or ten minutes and was then driven home by his superior. Further, that on that evening the plaintiff consulted a doctor who found that he had a lift indirect inguinal hernia.

With these subordinate facts the conclusion of the Commissioner that the hernia "was not the result of any accidental injury accompanied by evidences of pain suffered by the claimant on March 19th, 1941 in said employment" seems untenable. The case is distinguishable factually from that of *Arduini vs. General Ice Cream Co.*, 123 Conn. 43, in that the "burning sensation" in the instant case is obviously the equivalent of pain and the only reasonable explanation for it upon the basis of the subordinate facts found is that it was caused by a strain occurring in the course of the employment.

There is error and the case is remanded to the Compensation Commissioner for an award to the plaintiff.