James R. YOCUM, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Successor to George R. Wagoner, Acting Commissioner, Appellant,

v.

Isaac LESTER et al., Appellees.

Supreme Court of Kentucky.

Nov. 12, 1976.

Kenneth E. Hollis, Asst. Counsel, Dept. of Labor, Louisville, Earl M. Cornett, Gen. Counsel, Dept. of Labor, Frankfort, for appellant.

Kelsey E. Friend, Baird & Baird, Pikeville, for appellees.

CLAYTON, Justice.

This appeal results from a workmen's compensation claim for total disability benefits for pneumoconiosis. Lay and medical evidence presented below indicated appellee Isaac Lester to have labored some thirty years as a coal miner, the first twenty-five for the Buchanan County Coal Corporation, in Big Rock, Virginia, and the remaining five years with the Kentucky Carbon Corporation of Phelps, Kentucky, and that his disease was the accumulative result of this experience. The Board found Lester totally disabled due to pneumoconiosis and awarded him disability benefits for 425 weeks at $65 per week. Since it could not find the disease conclusively proven to be the result of his last exposure to the hazards of occupational disease while working for the Kentucky Carbon Corporation, liability for such benefits was apportioned at 75% against the Special Fund and 25% against the employer, pursuant to KRS 342.316(13)(a). The Pike Circuit Court affirmed the Board, concluding as a matter of law that where an employee works for more than one coal company, only the last of which being located within the state of Kentucky, and the last exposure is subsequent to January 1, 1973, there is "multiple exposure" within the meaning of KRS Chapter 342, so that the apportionment of liability for compensation benefits as done by the Board was proper. The Special Fund appeals to this court, arguing the award should have apportioned at 40% for it and 60% for the employer under KRS 342.316(13)(a) and seeking that we recognize a distinction between the situation in this case and the normal circumstance where the claimant will have worked for different employers, all within the same state. After a careful review of the record of this case, however, we are not persuaded such action is merited by the facts presented herein.

Of appellant's three arguments, two are drawn in terms of legislative intent. It

first argues that since the Special Fund was intended to spread liability for occupational diseases in multiple-exposure cases among all carriers and self-insurers operating within this state, and derives no funding from wages paid workmen while employed outside Kentucky, it should incur no greater liability here, where it is not conclusively proven that disability is the result of claimant's last injurious exposure to the respiratory hazards attendant to coal mining which occurred in Kentucky, than it would incur when only a single employer is involved, which single employer is a Kentucky resident. It secondly argues, by way of analogy, that since the General Assembly in drafting KRS 342.730 and .740, concerning calculation of amounts of benefits due based on average weekly wages of the claimant and average weekly wages statewide, did not intend for the Board to consider wages earned outside Kentucky, neither did it intend for the Board to concern itself with employment outside Kentucky when apportioning liability for the amount awarded under KRS 342.316. However, we feel that to accept these arguments, we would be required to insert in KRS 342.-316(13)(a) a condition that for there to be multiple exposure, the claimant must have been exposed to the occupational respiratory dangers as a result of working for at least two coal companies, both of which were located within Kentucky. The present statute lacks such requirement, and although it is not absolutely clear whether its absence is due to legislative intentional choice or legislative oversight, the former is more likely due to the repeal of former KRS 342.316(4), effective January 1, 1973, which required two years' exposure in Kentucky prior to disability; it appearing that such a requirement could have been inserted in § 342.316(13)(a) if it were intended that only in-state exposures should be considered when apportioning an award. Due to the failure of the statute to address itself to this question, then, we are hesitant to accept appellant's arguments, feeling that by doing so we would be stepping into an area reserved for the General Assembly, since " . . . it is neither the duty nor the prerogative of the judiciary to breathe into the statute that which the Legislature has not put there." *Gateway Construction Company v. Wallbaum*, Ky., 356 S.W.2d 247, 249 (1962).

Appellant's final argument is based on the idea that the purpose of the above-mentioned statute, KRS 342.316(4), that of protecting the Special Fund from liability for claims of migrant silicosis victims, is still valid even though the statue has been repealed, and that this purpose should be applicable in this case. To accept this argument, we must consider the claimant herein to have entered Kentucky only so as to qualify for workmen's compensation benefits under Kentucky Law. The circumstances herein indicate, and the Board effectively found, this not to be the case since Lester worked in Kentucky continuously for over five years. Moreover, since KRS 342.316(4) was satisfied by two years' employment within Kentucky prior to disability, any effect it would have as authority of any kind is muted by claimant's five years within the state.

The judgment of the circuit court is affirmed.

All concur.