## Commonwealth, by Anderson, Rev. Agt. for State at-Large v. L. & N. R. R. Co.

(Decided March 9, 1911.)

### Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Taxation—Capital Stock of L. & N. Railroad Company.—In a proceeding by Revenue Agent H. L. Anderson to assess the capital stock of the L. & N. Railroad Co., Held, that stock in the railroad. company is invested in its various properties; real estate, track, rolling stock, supplies and material used in maintaining and operating the road. In addition it may have large credits carried as cash or invested in securities, and these, together with such items of account as may be owing it go to make up the real value of the stock. In addition to these properties the company in its report is required to show its earnings, gross and net, and in fixing the value of the stock these items may likewise be taken into consideration. If the company reports, as the law directs, and fairly and correctly answers the specific questions propounded, and gives an account of all other assets and the Board of Valuation and Assessment considers said report in making its assesment, then any property which was given in said report can not be omitted property. If the various items here sought to be taxed were in fact considered by the Board of Valuation and Assessment in

arriving at the value of the stock of the company it would manifestly be unjust to the company to sustain appellant's contention, for this would in effect be imposing upon it double taxation to the extent of the value of the property described in the statement. We conclude that as the appellee, L. & N. R. R. Co., had complied with the statute as to its report, and the Board of Valuation and Assessment had not at the date of the institution of this proceeding acted upon said report or fixed the assessment of appellee company for the year 1908 appellant was without authority to institute the proceeding. The chancellor correctly so held.

M. J. HOLT for appellant.

H. L. STONE and CHAS. H. MOORMAN for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

On February 15, 1908, H. L. Anderson, Revenue Agent for Kentucky, filed a statement in the Jefferson County Court and sought to have assessed, under section 4141, Kentucky Statutes, certain property which he alleged the Louisville & Nashville Railroad Company owned, and had omitted from assessment for taxation for the year 1908. The Railroad Company in its answer pleaded that it had made and filed with the Auditor of Public Accounts the report required by Article 4, subsection 1, of the Act Relating to Revenue and Taxation, approved March 16, 1906, and that the Board of Valuation and Assessment had not made an assessment of its franchise for the year 1908; that the State Board had neither assessed nor omitted to assess the property described in the statement. A demurrer was filed to this answer and overruled. Thereupon the agent declined to plead further, and his application to have the property assessed was dismissel. The case was appealed to the circuit court and there tried out upon the demurrer to the answer, with the same result. We are now asked to reverse that judgment. The county judge was of opinion that the action was prematurely brought, and for this reason dismissed the proceeding. This was, no doubt, the point upon which the judgment in the circuit court was rested, and counsel for appellant in brief concedes that it is the vital question in the case

The early history of the efforts of the State to tax railroads and railroad property demonstrated that it could not be satisfactorily done by adopting the method of assessment used in valuing the property of individuals, and in 1882, by a legistative act, the power to

assess the tangible property of all railroads in the State was placed in the hands of the Railroad Commission. The purposes for this legislation and the necessities leading up to it are well described in the opinion of this court in C. N. O. & T. P. R. R. Co. v. Commonwealth, 81 Ky., 492, in which the court said:

"The principle object of the Legislature in having this Board of Commissioners to assess and supervise the taxing of such corporations was, that no injustice might be done the companies by subjecting their property to fragmentary assessments, subject to the revision of the supervising board of each county through which the road might run. Fragmentary taxation of the same line of road by a dozen or more different assessors would scarcely produce that uniformity in assessment so absolutely essential to produce equality in taxation, and the legislative purpose was to obviate such an objection and have a uniform assessment of this class of property. and no wiser suggestion could have been well made than to place the valuation in the hands of a board of intelligent freeholders, to be selected by the executive of the State, thus removing the question of value from local influences and prejudices that often result in imposing upon such corporations oppressive burdens."

This difference in the method of assessing the property of railroads from that of natural persons leads to the adoption of section 182 of the Constitution, which provides that:

"Nothing in this Constitution shall be construed to prevent the General Assembly from providing, by law, how railroads and railroad property shall be assessed and how taxes thereon shall be collected. And, until otherwise provided, the present law on said subject shall remain in force."

Up to 1892 corporations had paid no taxes whatever upon their franchises, but by an act of the legislature in that year railroads were required to pay a franchise tax in addition to a tax upon their tangible property. The method provided for ascertaining the value of the franchise was, with some minor exceptions, the same as the law now in force upon this subject. Thus, we have the tangible property of all railroads in Kentucky assessed by the Railroad Commission, and their intangible property, or franchises, assessed by the State Board of Valuation and Assessment. The authority for the former

is found in Section 4098, and for the latter in Section 4077, Kentucky Statutes.

It is immaterial whether the property here sought to be assessed is such as should properly be taken into account by the State Board of Valuation and Assessment or the Railroad Commission, or both, for it is proceeded against as omitted property.

So much of section 4077, Kentucky Statutes, as relates to railroads, is as follows:

"Every railroad company or corporation shall, in addition to the other taxes imposed on it by law, annually pay a tax on its franchise to the state, and a local tax thereon to the county, incorporated city, town and taxing district, where its franchise may be exercised. The Auditor, Treasurer and Secretary of State are hereby constituted a Board of Valuation and Assessment for fixing the value of said franchise, * * * the place or places where such local taxes are to be paid by other corporations on their franchise, and how apportioned, where more than one jurisdiction is entitled to a share of such tax, shall be determined by the Board of Valuation and Assessment, and for the discharge of such other duties as may be imposed on them by this act. The Auditor shall be chairman of said board, and shall convene the same from time to time, as the business of the board may require."

By section 4078, Kentucky Statutes, all corporations burdened with a franchise tax, including railroads, are required annually, between the 30th day of June and the 1st day of October, to make and to deliver to the Auditor of Public Accounts of this State a report, verified by its President, cashier, secretary, treasurer, manager, or other chief officer or agent, in such form as the Auditor may prescribe, showing the following facts, viz: the name and principal place of business of the corporation; the kind of business engaged in; the amount of capital stock, preferred and common; the number of shares of each; the amount of stock paid up; the par and real value thereof; the highest price at which such stock was sold at a bona fide sale within twelve months next before the thirtieth day of June of the year in which the statement is required to be made; the amount of surplus funds and undivided profits and the value of all other assets; the total amount of indebtedness as principal, the amount of gross or net earnings or income, including

interest on investments, and income from all other sources for twelve months next preceding the thirtieth day of June of the year in which the statement is required; the amount and kind of tangible property in this State, and where situated, assessed, or liable to assessment in this State, and the fair cash value thereof, estimated at the price it would bring at a fair voluntary sale, and such other facts as the auditor may require.

Section 4079, Kentucky Statutes, directs how the value of the franchise shall be arrived at. Under this section, where the corporation is a Kentucky corporation, the Board of Valuation and Assessment is authorized, from the report made by the corporation and such other evidence as it may have, to fix the value of the capital stock of the corporation, as provided in section 4080; and from the amount thus fixed to deduct the assessed value of all tangible property assessed in this State or in the counties where situated. The remainder thus found shall be the value of its corporate franchise subject to taxation. And in cases where the line of the railroad run beyond this State into other States, the value of the capital stock of the corporation is arrived at in the same way, and the board apportions to this State such proportion thereof as the mileage in this State bears to its total mileage.

In order that the assessment provided for under the sections of the Statutes quoted may be made, the railroad company is required to make, under oath, to the Auditor of Public Accounts, two reports. One report is required to be made on July 1st of each year; and upon this the Railroad Commission bases its assessment of tangible property. This report must show the total length of the railroad, in and out of this State, and the length thereof in each county, city, incorporated town or taxing district, together with the average value, per mile, for the purpose of being operated as a carrier of freight and passengers. It must include a list of all the engines and cars owned by the company, its depot, grounds and improvements, and all other real estate, and the value thereof, owned by it. The other report, which is required to be made for the guidance and aid of the State Board of Valuation and Assessment in determining the value of the franchise, must be filed with the Auditor between the thirtieth day of June and the first of October of each year. This is the statement provided

for by Sec. 4078, and which has been heretofore referred to.

From the foregoing statutes it is apparent that it was the legislative intent that all property, of every kind and description, owned by a railroad company in this State should be taxed by one or the other of these boards. The real estate is clearly to be taxed by the Railroad Commission and the intangible property by the Board of Valuation and Assessment; but inasmuch as the Board of Valuation and Assessment, in arriving at the value of the franchise, must deduct from the total value fixed by it upon the capital stock of the company the assessed value of its tangible property, as found by the Railroad Commission, it is readily seen that the assessment is at last made by the Board of Valuation and Assessment. The information which the railroad is required to give should be ample to enable this board to arrive at a fair and just valuation of the franchise; but if the information given in such report is, in the opinion of the Board of Valuation and Assessment, not sufficient, the statute expressly authorizes it to receive other information in order that it may arrive at a fair valuation.

The answer in this case alleges that the report required by the statute was made, and the demurrer admits that it was. It shows, after giving in detail certain data required by the act, the value of all other assets. This item, "all other assets," would necessarily include every item set out in the statement which appellant seeks to have listed as omitted property. The railroad company is given no power to compel either the Railroad Commission or the Board of Valuation and Assessment to act. The most it can do is to comply with the requirements of the law in the filing of its verified reports, and the law is silent as to when these reports shall be acted upon by either the Railroad Commission or the Board of Valuation and Assessment. The presumption is that the Legislature was of opinion that each of these bodies would act within a reasonable time after the reports had been filed, and hence fixed no time limit within which they must act. This proceeding was instituted on the eighth of February, 1908. Under the general law, all property of individuals is assessed between September first and January first by the local assessors. The result of their labor is then submitted to the Board of Supervisors in each county, and when they have review-

ed the work of the assessors, and made such changes as were necessary in order to equalize the assessment in the county, the assessment for that year is closed, and any property which the assessor failed to report and the Board of Supervisors has not added to the list for the first time becomes omitted property for that year. It cannot in any sense be said to be omitted from the assessment so long as the assessing power and authority has control of it; but it is only after the assessor and the supervising board has acted and finally adjourned that the auditor's agent or revenue agent may proceed to have it assessed as omitted property.

In the case before us the demurrer to the answer admits that the reports, complying in full with the requirements of the law, were made in due and seasonable time, and that the State Board of Valuation and Assessment had not acted upon such report, and in fact, had made no assessment at all for the year 1908, although it had in its possession the information upon which such assessment could and should be made. The agent could have, with as much propriety, proceeded to have listed as omitted property all of the property of the railroad company, because, in fact, at that time none of it had been assessed for the year 1908.

The question, then, is reduced to this: Did the failure of the State Board of Valuation and Assessment to assess this property prior to February 8, 1908, put it beyond their power to thereafter assess it? If it did, then the proceedings by the revenue agent should be upheld; if not, then the judgment of the lower court dismissing the proceedings is correct, for so long as the right of the Board of Valuation and Assessment to assess it exists, it cannot be styled omitted property. It is omitted property only when the right or time limit of that board whose duty it is to assess it has expired. As the statute fixes no time within which the assessment must be made, we hold that the board has a reasonable time within which to assess, so that the State may not be delayed in the collection of her taxes. It cannot be said that there is an unreasonable delay, or any delay, on the part of the Board of Valuation and Assessment in not fixing the value of the franchise for the railroad company for the year 1908 before February 8, 1908; and as all of the property here sought to be assessed was reported by the railroad company to the Board of Valua-

tion and Assessment, this board, when it did act, necessarily considered and took into account the various items which appellant is seeking to have listed as omitted property. The capital stock of a railroad company is invested in its various properties; real estate, track, rolling stock, supplies and material, used in maintaining and operating the road. In addition it may have large credits, carried as cash or invested in securities, and these, together with such items of account as may be owing it, go to make up the real value of the stock. In addition to these properties, the company in its report is required to show its earnings, gross and net; and, in fixing the value of the stock, these items may likewise be taken into consideration. If the company reports as the law directs, and fairly and correctly answers the specific questions propounded, and gives an account of all other assets, and the Board of Valuation and Assessment considers said report in making its assessment, then any property which was given in said report cannot be omitted property. If the various items here sought to be taxed were in fact considered by the Board of Valuation and Assessment in arriving at the value of the stock of the company, it would manifestly be unjust to the company to sustain appellant's contention, for this would, in effect, be imposing upon it double taxation to the extent of the value of the property described in the statement.

We conclude that, as the appellee had complied with the statute as to its report, and the Board of Valuation and Assessment had not, at the date of the institution of this proceeding, acted upon said report or fixed the assessment of appellee company for the year 1908, appellant was without authority to institute the proceeding. The Chancellor correctly so held.

Judgment affirmed.