## Commonwealth, By, et al. v. Ashland Coal & Iron Railway Company.

(Decided September 17, 1913).

### Appeal from Carter Circuit Court.

1. Taxation—Assessment of Omitted Property.—The "omitted property" contemplated by our assessment statutes is property which

is not assessed at all; they do not mean that property which by mistake has been apportioned to the wrong subdivision or municipality may be treated as omitted "property" by the county or subdivision where it should have been assessed.

2. Taxation—Assessment of Omitted Property—Remedy.—In such cases the county or subdivision so wronged may appear before the board authorized to make the assessment and have the error corrected, and if that body refuses it may be required to do so by mandamus.

JEROME DUVALL, G. W. E. WOLFFORD for appellant.

PROCTOR K. MALIN, THEOBALD & THEOBALD for appellee,

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is a proceeding by the Auditor's agent of Carter County, seeking to assess for taxation for each of the years 1906, 1907, 1908, 1909 and 1910, 58-100 of a mile of appellee's railroad in that county, and the franchise tax thereon, alleging that the same was omitted from the assessment for each of those years.

The county court granted the relief sought by the Revenue Agent, but upon appeal to the circuit court the proceeding was dismissed, and from that judgment this appeal is prosecuted.

The case was tried on an agreed statement of facts, which in substance is, that the whole of the property of the railroad company was assessed for each of the years mentioned, and the taxes thereon paid; but that by mistake in apportioning the property between the counties of Boyd and Carter there was apportioned to Boyd county this 58-100 of a mile which should have been apportioned to Carter County, and that the taxes on same had been paid to Boyd County.

So the only question is, whether or not the mistake in apportioning this section of railroad to the wrong county makes it "omitted property" in the county where it should have been assessed.

The agreed facts are that the whole of that railroad line was assessed for taxation each of the years named, and that the taxes were paid to the State, and the several counties and districts to which is was apportioned.

The "omitted property" contemplated by our Assessment Statutes is property which is not assessed at all; they do not mean that property which by mistake has been apportioned to the wrong sub-division or municipality may be treated as "omitted property" by the

county or sub-division where it should have been assessed.

There is a very simple and efficient remedy afforded in such cases; the county or sub-division so wronged may appear before the board authorized to make the assessment and have the error corrected, and if that body refuses it may be required to do so by mandamus. Commonwealth v. C. & O., 28 R., 1201; Commonwealth v. M. & B. & S., 28 R., 1332; C. & O. v. Turnpike Co., 31 R., 1163.

Judgment affirmed, Judge Hannah not sitting.