## Commonwealth, By et al. v. Chesapeake & Ohio Railway Company.

(Decided May 31, 1916.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

Taxation—Assessment Omitted by Railroad Commission.—Under section 4260 of the Kentucky Statutes, the revenue agent may, by proceedings in the county court, cause to be listed for taxation any property omitted from assessment and taxation by the railroad commission.

F. J. HANLON for appellants.

GALVIN & GALVIN and JOHN GALVIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Reversing.

This action was brought by the Commonwealth through M. P. Rehorn, its revenue agent, in the Kenton county court, seeking to have assessed as omitted property for the years 1907-1911, fifteen specifically described tracts of land owned by the appellee company, and located in Kenton county.

The defendant filed a special demurrer which went only to the jurisdiction of the county court; and, upon a hearing of the demurrer the county court sustained it, holding that it was without jurisdiction to fix the tax or assess the penalty prayed for. From a judgment dismissing the case in the county court for want of jurisdiction, the Commonwealth appealed to the Kenton circuit court. In the circuit court the defendant again demurred specially, upon the ground that that court was without jurisdiction to try the case; and, the special demurrer having been sustained and the action again dismissed for want of jurisdiction, the Commonwealth appealed to this court.

Since the demurrer admits the allegation that the property was never assessed or taxed, the only question presented is: Did the Kenton county court have jurisdiction to assess the company's real estate located in that county, which had been omitted from assessment and taxation? Appellant insists the jurisdiction was in the Kenton county court, while appellee insists it was in the Franklin circuit court.

The petition alleges that all of the property therein described "was wholly omitted from assessment for taxation for State and county purposes with the assessor of Kenton county, or any other assessing officer or assessing board of said county or of the State of Kentucky, on each of the dates aforesaid, and that the tax thereon is now delinquent."

Section 4260 of the Kentucky Statutes provides, in part, as follows:

"It shall be the duty of the revenue agent, and the sheriff in each county, to cause to be listed for taxation all property omitted by the assessor, board of supervisors, board of valuation and assessment or railroad commission, for any year or years. The officer proposing to have the property assessed shall file in the clerk's office of the county in which the property may be liable to assessment a statement containing a description and value of the property proposed to be assessed, and the value of the corporate franchise, if any, and the name and place of residence of the owner, his agent or attorney, or person in possession of the property, and the year or years for which the property is supposed to be assessed."

The same section further provides a procedure for the trial of the case in the county court, and the assessment of the property by that court if it has been omitted from taxation, and an appeal by either party to the circuit court, and thence to the Court of Appeals, as in other civil cases.

Said section further provides that if the county court shall decide that the property is liable to assessment, and has not been assessed, the clerk of the county court shall enter a judgment on a book kept for that purpose, assessing said property and fixing the value thereof, and certify the assessment to the auditor of public accounts and to the sheriff of the county, together with the amount of penalty, and cost of assess-

ment, in order that the taxes due the Commonwealth and county may be collected, with the penalty and costs.

It will be noticed that the language of the section above quoted, in terms, includes the property omitted by the railroad commission, for any year or years.

The appellee, however, relies upon section 4104 of the Kentucky Statutes, which reads as follows:

"Taxes, penalties and interests due the Commonwealth from any railroad or bridge company may be recovered by the auditor of public accounts, by action in the name of the Commonwealth, in the Franklin circuit court; and those due any county, city, incorporated town or taxing district may be recovered by the officer authorized to receive the same, by action in the name of the Commonwealth in any court of competent jurisdiction."

Under this section it is insisted that this action should have been brought in the Franklin circuit court and that the Kenton county court was without jurisdiction. Appellee calls attention to the statutory scheme provided for taxing railroads in this State. By section 4096 of the Kentucky Statutes, the president of every railroad company is required to report to the auditor, under oath, the total length of its railroad in the State and beyond the limits of the State; the average value per mile, including engines and cars; and, a list of the depot grounds and improvements and other real estate of the company and the value thereof in the respective counties, cities and incorporated towns in which the same were located. And, it further provides a penalty for failing to make such a report.

Then, by section 4098, the auditor is required to transmit the report received from the president under section 4096, *supra*, to the railroad commission and the railroad commission shall, in turn, correct and equalize the valuations so reported. The auditor then certifies to the various taxing districts of the State their proportionate amount of the railroad in such taxing district, and the value of the property in each district. This, however, applies only to the tangible property of the railroad.

Then follows section 4104 above quoted, which provides that taxes, penalties and interests due the Commonwealth from any railroad company may be recovered by the auditor in the Franklin circuit court.

Section 4077 of the Kentucky Statutes provides, among other things, that every railway company shall annually pay a tax on its franchise to the State, and each taxing district therein; and sections 4078, 4079, 4080, and 4081 provide the manner of valuing the franchises of the several kinds of corporations. These sections provide that after the total value of the capital stock of the corporation has been fixed in the manner provided therein, all the tangible property of the corporation assessed in the State and in the various counties thereof, shall be deducted from the total of the capital stock so fixed, and the remainder or difference between the total value of the capital stock and the value of the tangible property shall be the value of its corporate franchise subject to taxation.

From this it is argued that there is no chance for any property belonging to the railroad company to be omitted from assessment, for the reason that if by chance a piece of real estate should be omitted from assessment, the State would not suffer the loss of any taxes because that which is omitted in the tangible assessment would be covered by the franchise assessment.

We are not, however, concerned in this action with the merits of the case; we have only to determine whether the Kenton county court had jurisdiction to try the case presented by the petition. We think it did have jurisdiction. The language of section 4260, above quoted, is broad enough in its terms to cover the case; and, from the procedure therein pointed out, it is contemplated that after the property is assessed in the county court, the assessment shall be certified to the auditor of public accounts, and likewise to the sheriff in order that the taxes due the Commonwealth and county may be collected, with the penalty and costs provided by that section of the statute. But, before it can be adjudged that the property has been omitted from taxation and the owner liable for the penalty and costs, there must be a trial in the county court and the property adjudged to have been omitted from assessment and taxation. And, the county court has jurisdiction under sections 4241 and 4260 of the Kentucky Statutes to thus assess any omitted corporate property. The method provided by sections 4079, *et seq.*, is not the only method of assessing or taxing corporate property. Commonwealth v. Adams Express Co., 118 Ky. 312. This con-

struction has been given to this section in several de-
cisions of this court. Anderson, Rev. Agt. v. L. & N. R.
R. Co., 142 Ky. 663; Campbell T. R. Co. v. District of
Highlands, 148 Ky. 575; Commonwealth v. L. & N. R.
R. Co., 149 Ky. 829; Commonwealth v. Southern Pacific
Co., 150 Ky. 97.

On the other hand, the appellee insists that the Com-
monwealth's remedy in cases of this character must be
by appeal to the railroad commission to assess the prop-
erty, or by an action in the Franklin circuit court under
section 4104, *supra,* for the purpose of assessment and
the collection of the tax. But the statute provides no
method of appeal to the railroad commission to assess
omitted property; on the contrary, section 4260, above
quoted, was evidently enacted for that purpose, and it
confers the jurisdiction to assess omitted property
upon the county court and not upon the circuit court.

Furthermore, section 4104 is the closing section of
the fifth article of chapter 108 of the Kentucky Statutes,
relating to the assessment of railroads; and, among
other things it requires an annual report from its chief
officer giving the information heretofore detailed, and
providing a heavy fine and penalty in case of a failure
to so report. It was very appropriate, therefore, that
section 4104, being the last section of the article referred
to, should provide that the taxes, penalties and interests
therein imposed might be recovered by the auditor in
the Franklin circuit court, while the proceeding to as-
sess omitted property was left to the revenue agent in
the county court of the county wherein the property was
located.

We have been referred to no section of the statutes
that gives a circuit court original jurisdiction to assess
omitted property. Section 4104, *supra,* relied upon by
appellee, merely authorizes the auditor to sue in the
Franklin circuit court to recover taxes, penalties and
interests due the Commonwealth from any corporation
therein named; it does not attempt to confer upon that
court jurisdiction to assess omitted property for the
purpose of imposing upon it the tax due the State.

From this consideration of the question we conclude
the Kenton county court had jurisdiction of the case and
that the special demurrer was improperly sustained.

Judgment reversed for further proceedings consist-
ent with this opinion.