## American Refrigerator Transit Co. v. City of Lexington et al.

Sept. 30, 1941.

James M. Chaney, J. C. Jones and Hunt, Bush & Lisle for appellant.

J. Owen Reynolds, William A. Minihan and R. W. Reynolds for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The City of Lexington made a retroactive assessment for taxes on one railroad refrigerator car owned by the appellant, American Refrigerator Transit Company, of the value of $1,000 for five years, from 1934 to 1938, by authority claimed under Section 3179 of the Statutes. The city distrained for collection the taxes thereon aggregating $125 with interest and penalties amounting to $32.50. The company brought suit to enjoin the collection of the taxes and prayed that the assessment be declared void upon a number of grounds. Upon the pleadings and evidence the chancellor denied the plaintiff the relief sought and rendered judgment for the taxes in favor of the city. The company appeals.

The plaintiff is a New Jersey corporation and its principal office is in Missouri. It owns a number of refrigerator cars which are leased to and used by various railroad companies upon the basis of mileage run. Shipments of perishable freight were carried in such cars to Lexington. When unloaded they were taken in charge by the railroad company which had brought them there and returned to the territory in which the shipments originated, principally in the west and southwest. It was claimed that considering the number of cars and the time in which they stayed in Lexington there was an average of one car present there at all times, and under several opinions of this court it was subject to local taxation. The only proof in the record is that during 1935 there were 48 of the appellant's cars brought into Lexington and that they stayed there an average of 4.28 days, thus giving the equivalent of one car for 206 days. It was also established by the city that at least during 1935 and 1937 the appellant had made returns to the State Tax Commission of its operations in Kentucky and assessments of $19,580 and $20,518 had been made by that body for those years.

The Company is within the terms of Section 4077 of the Statutes. All the property of such franchise corporation within the State is assessable solely by the Department of Revenue, not only for the State but for all other taxing districts, including cities. In an opinion delivered today we have held that no city has authority to make an assessment of such omitted property, but may call upon the State Tax Commission for relief when there has been such omission. City of Newport v. Pennsylvania Railroad Co., 287 Ky. 613, 154 S. W. (2d) 719. Upon the authority of that opinion the judgment herein is reversed.

Whole Court sitting.