## City of Newport v. Pennsylvania R. Co.
## Same v. Baltimore & O. R. Co.

Sept. 30, 1941.

Carl H. Ebert, Walter J. Burke and Wm. J. Heringer for appellant.

Crawford, Middleton, Milner & Seelbach and Galvin, Tracy, Crawford, Geoghegan & Levy for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The City of Newport brought separate suits against the Baltimore & Ohio Railroad Company and the Penn-

sylvania Railroad Company seeking to have the Campbell Circuit Court assess their respective properties within the city for taxation for five years, levy the tax and award the city judgments for the amounts thereof with penalties and interest. Both railroads enter Newport from Cincinnati and use the tracks of other companies. The Baltimore & Ohio Railroad Company operated over 1.554 miles of track and the Pennsylvania Railroad Company 3.49 miles. It is alleged that during the period stated the defendants carried on railroad operations within the city, and that certain property and equipment, of stated valuations, were habitually within the taxing district and subject to taxation. The liability of each defendant to the city for taxes on both tangible and intangible property and its duty to make annual return thereof to the Department of Revenue of the Commonwealth so that body could properly assess the same for taxation and allocate and apportion the amount due the City of Newport as its share were appropriately alleged. It is charged the defendants failed to make such returns of their operations and property subject to taxation in the City of Newport and by reason of such failure no assessment was made and no taxes were paid to the city thereon. Reference is made particularly to the omission of assessment for taxation of the rolling stock and franchise, the amounts thereof being stated in the petitions.

The suits were brought under Section 3187h, Kentucky Statutes. Special demurrers of the defendants were sustained to the petitions upon the grounds that (1) the circuit court had no jurisdiction to assess omitted property for taxation, and (2) the city had no right to maintain such suit. Accordingly, the petitions were dismissed. The separate appeals have been consolidated.

Section 3187h, Statutes, is a part of the charter of cities of the second class. Material portions of that section are as follows:

"When any property, subject to taxation *by the city*, has been omitted from assessment for any year, the city may, by direct action brought in the name of the city by its duly authorized attorney or agent in any court otherwise competent for the purpose, recover judgment against the person liable for the payment of such taxes. * * * In such

action it shall be sufficient for the city to allege and prove the description and value of the property; that it was subject to assessment and taxation *by the city* for the year in question and was omitted from such assessment and that the taxes thereon for such year had not been paid, and that the person sued is the person liable for the payment of such taxes.'' (Emphasis added.)

The main reliance of the city in its argument that it has the right to maintain the suits in the circuit court is Covington v. Cincinnati, Covington & Rosedale Railway Company, 144 Ky. 646, 139 S. W. 854. That suit was against a street railway company which had made no return for assessment for a franchise tax. When the decision was made, in 1911, the above-quoted part of the statute (then a part of Section 3187, Statutes, edition of 1915) was substantially the same except the phrases we have italicized. At that time the assessment for taxation of all franchises of railroad companies and others was made by a state board of valuation and assessment upon reports filed with the Auditor of Public Accounts. The Board was also charged with the duty of apportioning the franchise valuation among cities and subordinate taxing districts entitled to share in the tax. Section 4077 et seq., Statutes, 1915 Edition. However, the court, regarding the phrase ''any property'' in Section 3187 as being used in the sense of ''all property,'' held that it included every kind of property within the city subject to taxation and that it mattered not in what manner it was assessable. Therefore, that under the terms of that statute the City of Covington could maintain a direct action against the street railway company to recover taxes on its franchise because it had not made proper report to the state assessing board. We were of the opinion that such construction of the Statutes would not destroy the effect of Section 4077, which made it the duty of the state board of equalization and assessment to fix and apportion the values of franchises and certify the same to the proper municipal authorities, provided the corporations required to report to the Auditor complied with the law. It was only where such taxpayer had failed to make a proper report that a suit by a city of the second class was authorized under Section 3187.

Thereafter, in 1912, the legislature provided for the

appointment of revenue agents, Acts, 1912, p. 391, and charged them with the duty to have all omitted property assessed, including franchises. Sections 4260 to 4267, Statutes, 1915 Edition. Then in 1917, at a special session, there was a general revision of the taxing system of the commonwealth. A State Tax Commission was created in substitution of several assessing agencies. It was given extensive powers as a centralized assessing body. It was vested with the power and duty of assessing tangible and intangible property of railroads and other public service corporations for not only the state but for all subordinate taxing units. Section 4114i-11, Statutes, 1922 Edition. Apparently in order to bring other statutes into harmony with the general revision of the law pertaining to state taxes, the legislature at the following session of 1918 by a number of enactments materially changed the methods of assessing property and collecting taxes thereon by counties, cities and other taxing districts. Statutes relating to revenue and taxation of cities of the second class, including Section 3187, were repealed and new statutes substituted. Chapter 111, p. 462, Acts of 1918. Section 3187, which had contained all the law relating to the assessment of omitted property and collection of delinquent taxes by cities of the second class, was broken up into twelve separate sections. The provision construed in Covington v. Cincinnati, Covington & Rosedale Railway Company, supra, was re-written. That part reading, "Where any property, subject to taxation, has been omitted from assessment" was changed to read, "When any property, *subject to taxation by* the city." (Emphasis added.) The part which had provided that it should be sufficient for the city to allege and prove that the property "was subject to assessment and taxation *in* such city," was changed to read "was subject to assessment and taxation *by the* city." The change is significant. It cannot be ignored. This confines the right of the city to have omitted property assessed under the terms of Section 3187h, Statutes, to property which is subject both to assessment and to taxation *by* the city authorities. Such construction brings that section of the charter of the city into accord with other provisions of its taxing system. Thus the assessment of property generally is by the city assessor (Section 3180, Statutes); the collection of the taxes is by the treasurer (Section 3185) who is given power to distrain sufficient personal property

owned by a delinquent taxpayer and sell same (Section 3186) and to sell real estate for the tax lien (Section 3187). The sections of the Statutes following are of the 1918 Act and relate to liens upon and sales of property and suits to collect delinquent taxes generally. These include Section 3187h, under which these suits were brought. Nowhere in any of these sections is there an express exception or exclusion of tangible or intangible property of public service corporations. There can be no dispute that the statutes relating to original or initial assessment of such property as a unit, with apportionment of values among and allocation to cities and other subordinate taxing districts by the State Tax Commission, Section 4077, et seq., 4114h-2 et seq., must be read in connection with the charter of cities of the second class. Those statutes themselves establish exceptions. And if, as must be conceded, the exceptions are read into the other sections of the charter relating to original assessments, they must be read into Section 3187h relating to omitted property.

It is noted that Section 4019a-10 declares that all property subject to taxation for state purposes shall be subject also to taxation in the city in which same has a taxable situs, except property of specified kinds excluded from local taxation; further, that, in giving cities of the first class authority to assess franchises, ''railroad or other corporations required by law to be assessed by the railroad commission'' (now the State Tax Commission in substitution) are expressly excluded. Section 2984a-13, Statutes. The charters of cities of the third, fourth, fifth and sixth classes contain provisions for assessment of property generally; but there is no particular reference to the assessment of railroad properties. However, they, like cities of the first and second classes, share in the apportionment of valuations of railroad property if there is any within their boundary, under and by virtue of the assessment by the State Tax Commission. To sustain the contention of the City of Newport would be to hold by implication that the cities of all other classes than the first can proceed directly against the railroad companies under general provisions of their several charters. Inequality and confusion—if not impossibility of fair assessment—would be the inevitable result. Equality, harmony and practicality are attained by regarding a railroad company's franchise as a unit and

by having a centralized agency ascertain and apportion the valution among the several taxing districts entitled to share therein proportionately (Sections 4081, 4114i-11, Statutes); and in connection therewith the same agency to value a railroad company's tangible or physical properties in every city and other local taxing district and to certify the same to the several county clerks, who in turn certify it to the proper collecting officer of the city or other local district in the county. Section 4084, Statutes; Commonwealth v. Chesapeake & O. Ry. Company, 122 Ky. 283, 91 S. W. 1137, 28 Ky. Law Rep. 1201.

Therefore, the purpose of amendment of Section 3187h after the decision of Covington v. Cincinnati, Covington & Rosedale Ry. Co., supra, was to bring the charter of cities of the second class into accord with those of other cities and with the current mode and system of assessing railroad properties by the State Tax Commission.

We turn to appellant's contention that it is without remedy if it does not have authority under Section 3187h, Statutes, to have omitted railroad property assessed, since no alternative has been provided, and the State Tax Commission is denied that power by express exclusion from an act of 1936 establishing a comprehensive mode for assessing omitted property and calculating delinquent taxes (Chapter 21, 4th Ex. Session of 1936; Section 4257a-1 et seq. Supp. to Statutes). Therefore, it is argued, the remedy must be in Section 3187h, for it cannot be the legislative intent to render a city helpless in this matter.

By the 1936 Act the method of assessing omitted property and collecting delinquent taxes due the state, a county, school or other taxing district was changed and expanded. The authority to make the assessment and recover the taxes due the state and the specified districts was vested in the Commissioner of Revenue. Attention is drawn to the fact that the act expressly excepts and excludes cities of the first to sixth classes from its provisions. Section 4257a-1, 4257a-2, Statutes. The exclusion in and of itself does deprive the Commissioner of Revenue of authority to assess omitted property of any kind for or in behalf of a city. But that is not all. It is expressly provided in the primary sec-

tion extending the powers of the Department of Revenue (4257a-1) that:

"Nothing contained in this act shall in any way prohibit or prevent the Commissioner of Revenue or the Kentucky Tax Commission from assessing any property in accordance with * * * Chapter 108, Article 4, being Sections 4077 to 4095 of the Kentucky Statutes, and Section 4114i-11, and the proceedings embraced and referred to therein and as now permitted under the law."

Those excluded sections relate to the assessment of railroad and other public service corporations by the Department of Revenue or State Tax Commission—the terms being used interchangeably. Section 4114h-16, Statutes. That body is given the "sole power to assess the physical or tangible value of all property belonging to railroad companies, and other companies or corporations owning or operating railroad lines in whole or in part in this State." Section 4114i-11, and Section 4077, as amended in 1938, Ch. 4, Section 8, Acts 1st Ex. Session. The declaration of the 1936 Act, that its provisions shall not affect the authority of the State Tax Commission to assess railroad and other described public service companies, must be read in connection with the exclusion of cities from the terms of the Act. The declaration can refer only to the assessment of omitted property and the collection of delinquent taxes, for that is the only subject with which the Act deals. We think the declaration has special reference to the exclusion or exception of cities from the operation of the Act. When the two provisions are thus associated, the exception of cities is confined to the assessment of omitted property which was assessable by the cities in the first instance and retains for their exclusive use the several methods prescribed or permitted for the assessment of such omitted property. This construction is consistent with the governmental status of a city in its relation to the state. Unlike a county or board of education, a city is not strictly an arm of the state government, though a creature thereof. Certain powers are delegated to a city and their exercise is regarded as being by a convenient agency of the state. Other powers are granted a city, the exercise of which is independent of the state government. All taxing power emanates from the state as the sovereign. Life & Casualty Insurance Co. v. Cole-

man, 233 Ky. 350, 25 S. W. (2d) 748; City of Pineville v. Meeks, 254 Ky. 167, 71 S. W. (2d) 33. When it has been granted for local purposes, its exercise is quite within the discretion of the city governing authority. The State has withheld from the cities the power to assess directly railroad property for local taxation and has lodged it in its own special agency—the Department of Revenue or State Tax Commission—to be exercised for and in behalf of the cities. That reservation of power is not partial but entire. It embraces an added or supplemental assessment as well as an original assessment. And, since it was the apparent intention of the legislature in enacting the Act of 1936, Section 4257a-1 et seq., Statutes, to amend and recodify the law pertaining to the assessment of every kind of omitted property assessable in the first instance by the State Tax Commission, the Act must be construed as embracing omitted property of railroad companies, and the declaration quoted as relating to and limiting the exception or exclusion of the cities.

Section 4260-1 of the Statutes, as amended by the 1936 Act, supra, places the duty upon the officers and agents of the Department of Revenue to cause to be listed for taxation all property omitted by the State Tax Commission, or any other assessing authority, in the manner prescribed. At the time the former State Tax Commission assessed only the franchises of railroads it was held under that section of the Statutes as it then read that a revenue agent appointed by the Commission could maintain a suit in the Kenton County Court to have it assess certain real estate of a railroad company situated in that county and alleged to have been omitted. Commonwealth v. Chesapeake & O. Railway Co., 170 Ky. 486, 186 S. W. 164. It was also held under that prevailing system that such an officer could maintain a suit in Jefferson County to have the railroad operations of one of the appellees in this case assessed where it was alleged that such property had not been reported or returned for taxation. Baltimore & Ohio Railway Co. v. Commonwealth, 177 Ky. 566, 198 S. W. 35. The situation in that case is substantially the same as that alleged in this case to exist in Newport. There is therefore ample authority in the Department of Revenue to have omitted property of the appellees assessed for taxation.

The records of the Department of Revenue are

available to any city for official use. Section 4114h-15, Statutes; Fayette County v. Martin, 279 Ky. 387, 130 S. W. (2d) 838. It is, of course, to be presumed that the Department of Revenue will always perform its duty in this matter, and if its attention is called to any improper or insufficient return, or to property omitted from assessment, that the department will have same assessed for and in behalf of any city entitled to tax it. But, if the state officers should fail to do so, the remedy of mandamus is available. Commonwealth v. Chesapeake & O. Railway Co., 122 Ky. 283, 91 S. W. 1137; Commonwealth v. Ashland Coal & Iron Railway Co., 154 Ky. 673, 159 S. W. 538; City of Covington v. State Tax Commission, 231 Ky. 606, 21 S. W. (2d) 1010.

It was, therefore, properly ruled that the City of Newport had no authority to maintain the suit. It is unnecessary to consider the question of jurisdiction of the circuit court to assess omitted property and levy a tax as a court of original jurisdiction.

The judgments are affirmed.

The Whole Court sitting.