## City of Lexington v. Lexington Telephone Co.

Dec. 12, 1941.

J. Owen Reynolds and William A. Minihan for appellant.

Hunt, Bush & Lisle for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Since December, 1934, the appellee has operated a telephone system in Fayette and Jessamine Counties while prior to that time it operated exclusively in Fayette County. Accordingly, since it had lines in not more than three counties, pursuant to Kentucky Statutes, Section 4114i-11, its tangible property was assessable by the local assessing authorities while, under Section 4077, its franchise was assessable by the State Tax Commission which apportioned the assessment thus made to the proper taxing districts.

In compliance with the provisions of Sections 4077-4086 of the Statutes the appellee filed annual reports with the State Tax Commission for the four years immediately preceding the year 1936 in which it reported that its total mileage of lines was 326.9 miles, of which 92.2 miles were in the City of Lexington while the remainder were in the county of Fayette. The mileage as reported represented the length of streets and highways over and under which its poles, lines and cables were maintained, the report thus being on what is known as a pole, or street, mile basis. The total franchise value was fixed according to these reports and apportioned to the city and county in proportion to the number of pole, or street, miles in each.

In 1936 the Department of Revenue adopted a plan of apportioning all telephone franchise valuations on the basis of wire miles rather than pole, or street, miles. On a wire mile basis the appellee had 45,995 miles in Fayette County, of which 36,083 miles were in the City of Lexington. This change in method resulted, of course, in a much larger proportion on the franchise valuation being apportioned to the City of Lexington for 1936 and subsequent years.

In this action filed June 24, 1937, the City sought to have assessed as omitted property an additional franchise valuation for the four years preceding 1936, alleging that the apportionment should have been made on the basis of 9,912 wire miles in the county (outside the City) and 36,083 wire miles in the City. For instance, it is alleged that the State Tax Commission, in making the apportionment for the year 1932, valued the franchise at $2,600.184 per mile and that the actual value of the franchise was only $18.48 per mile and that if apportionment had been made at the rate of $18.48 per mile

for a total of 36,083 miles the amount apportioned to the City of Lexington would have been $666,814 rather than $239,737 (the amount actually apportioned to the City for that year), or a difference of $429,077, which it is alleged was omitted property. Similar allegations were made as to each of the years 1933, 1934 and 1935. However, there was neither allegation nor proof that the total valuation of appellee's franchise was too low.

The chancellor was of the opinion that the action was not one to assess omitted property but was merely an attempt to question the apportionment of the franchise by the State Tax Commission for which the City's only remedy was a mandamus proceeding against the State Tax Commission and, accordingly, dismissed the petition. This appeal is from that judgment.

Since the submission of this appeal we decided in City of Newport v. Pennsylvania Railroad Co., 287 Ky. 613, 154 S. W. (2d) 719 (followed in American Refrigerator Transit Co. v. City of Lexington, 288 Ky. ..., 155 S. W. (2d) 848), that a city has no right to maintain an action of this character for the assessment and levy of taxes on the property of a railroad company since its only remedy was by mandamus against the Commissioner of Revenue to require him to take the necessary steps to assess the omitted property and collect the taxes thereon. In that opinion, in referring to certain legislation enacted since the decision in City of Covington v. Cincinnati, Covington & Rosedale Railroad Company, 144 Ky. 646, 139 S. W. 854 (which upheld the right of a city to maintain an action to assess omitted property of the character required to be assessed by the State Tax Commission where no proper report was made to the Commission), we said [287 Ky. 613, 154 S. W. (2d) 721]:

"This confines the right of the city to have omitted property assessed under the terms of Section 3187h, Statutes, to property which is subject both to assessment and to taxation *by* the city authorities."

In a supplemental brief filed on behalf of the appellee it is insisted that that opinion is conclusive against the right of the City to maintain this action. In opposition to this contention it is insisted by the City that, since this action was filed in 1937, at which time the local authorities had power to assess the tangible property of

the appellee (this being before the 1938 amendment to Section 4077 imposing this duty on the Department of Revenue), the Newport case militates in no way against its right to maintain this action.

We think it clear that the Newport case is controlling. If this were an action to assess tangible property of the appellee, the contention advanced would probably be sound since at the time this action was filed the tangible property of appellee was assessable by the local authorities and the Newport case does not deny the right of a city to bring an action to assess as omitted property that character of property subject to assessment and taxation by the City authorities. But this is not an action to assess tangible property—it is one to assess as omitted property an additional franchise valuation. For instance, the following allegation appears in the petition:

> "Plaintiff alleges that the State Tax Commission would have assessed the defendant with a franchise tax valuation of $666,814 for City of Lexington taxes for the year 1931, had the defendant reported to it the correct mileage. Plaintiff alleges that the State Tax Commission only assessed the defendant with a franchise tax valuation of $239,737, because the defendant falsely reported its mileage of lines in Lexington for the year 1931."

The prayer of the petition is for judgment against the appellee "assessing and taxing it for the use and benefit of the City of Lexington upon *franchise property*" for the various years involved. Since the State Tax Commission, by virtue of Section 4077, had sole power to assess the franchise of appellee, the right of the City to maintain this action is clearly denied by the Newport case.

We may add that we have considered the entire record and are of the opinion that even if the City could maintain an action to assess a franchise as omitted property, the chancellor's judgment was correct since it clearly appears that this action is not one to assess an omitted franchise but is merely an effort to question the method of apportionment of the franchise adopted by the State Tax Commission.

Judgment affirmed.