## Dixie Greyhound Lines v. City of Paducah.

Jan. 20, 1942.

Wheeler & Shelbourne for appellant.

Albert Karnes for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This case involves an effort on the part of the City of Paducah to have the McCracken circuit court assess certain allegedly omitted property (buses) of the Dixie Greyhound Lines for the years 1933, 1934 and 1935. The company reported on the City's prepared assessment form under the heading "Carriages, Wagons, Bicycles and Other Vehicles," with the notation "Retired equipment stored" the sum of $1,000. The City alleged that the company kept in its garage at Paducah an average of six buses in the years 1933 and 1934, and an average of five buses in 1935. The trial resulted in a judgment in favor of the City wherein it was held that there was subject to assessment for taxation in the City six buses for the years 1933 and 1934 at a cash value of $12,000, and three buses for 1935 at a cash value of $4,500.

The company makes the point that there was no direct proof that it had any buses in Paducah other than two or three old buses kept in its garage at Paducah which it reported under the heading "Stored and retired equipment." It insists that, in view of the report just mentioned, the City should have brought the matter before the Board of Equalization if it desired an increase in the assessment. It urges also that the State Tax Commission took in consideration the assessment of its tangible property when it arrived at a franchise tax under Section 4077 of the Statutes.

The action was instituted in 1936, so we are not concerned with the question of assessment of property of public service corporations under Section 4077 of the Statutes, as amended in 1938. See City of Newport v. Pennsylvania Railroad Company, 287 Ky. 613, 154 S. W. (2d) 719.

Being of the opinion that there was no direct proof as to allegedly omitted property, and that for this reason the judgment must be reversed, we will confine our discussion of the case solely to that question.

All of the evidence was introduced by the City. Its first witness was an officer of the company, but he had nothing to do with the listing of the company's property for taxation. This witness said that the only buses which the company had in Paducah during the years in question were two or three old buses which were stored in the back of its garage and which were obsolete and retired.

equipment. He said also that during those years the company's garage was located at Paducah and that if it had a garage outside the city in McCracken County he knew nothing of it. His answer was ''Yes'' to a question as to whether all the buses the company had in McCracken County were in its garage in Paducah. The City showed through the county tax commissioner that the company had reported for county tax purposes six buses for July 1, 1933, valued at $12,000, the same number at the same valuation for July 1, 1934, and three buses valued at $4,500 for July 1, 1935. The testimony of this officer shows that he obtained his information as to the assessment of the buses by telephone; that the property was given in as having a taxable situs in McCracken County; and that he did not know personally where the buses were kept. He also said that the predecessor of the company had reported six buses every year for several years. The City insists that the testimony of the county tax commissioner as to the county assessment, when coupled with the statements of the officer of the company that all of its buses in McCracken County were located in Paducah, shows that if it had six buses in McCracken County worth $12,000, it had the same number in Paducah which were worth the same amount. We can not agree with this conclusion. Clearly the testimony of the tax commissioner alone furnishes no direct evidence as to a given number of buses with a taxable situs in the City of Paducah, and we fail to see how the character of the proof can be changed when the testimony of this official is coupled with that of the company official, as the City insists should be done. We think it was incumbent upon the City to bring forth direct evidence as to the number of buses which the company had in Paducah for the years in question in order to make out a case. If the county profited by an erroneous assessment of buses for the years in question, as intimated by the company in its brief, it does not necessarily follow that the City should profit through the same mistake. If, on the other hand, the property was omitted, it was the duty of the City, as we have indicated, to bring forth direct evidence as to the omitted property, and this we think it failed to do.

Judgment reversed, with directions to set it aside and for the entry of a judgment in conformity with this opinion.

Whole Court sitting.