**Jordan R. ALLEN, Appellant**

v.

**Henry JONES, Appellee.**

**No. 2011–CA–000576–MR.**

Court of Appeals of Kentucky.

July 6, 2012.

David F. Broderick, Jason C. Hays, Bowling Green, KY, for appellant.

Christopher J. Pittman, Clarksville, TN, for appellee.

Before DIXON, KELLER and NICKELL, Judges.

## OPINION

DIXON, Judge:

Appellant, Jordan Allen, appeals from an order of the Logan Circuit Court grant-

ing Appellee, Henry Jones's, motion to dismiss based on lack of personal jurisdiction. Finding no error, we affirm.

On September 22, 2008, Henry Jones, a resident of Joelton, Davidson County, Tennessee, placed his 1991 Ford truck in the front yard of his home with a "for sale" sign in the front windshield. Jones took no other steps to advertise the sale of the truck other than placing a sign on it. On either September 22nd or 23rd, Brent Wood, a Kentucky resident, appeared at Jones's house to inquire about the truck. Wood again returned on September 25th along with his father and, at that time, drove the truck and thereafter gave Jones a $500 check as earnest money to hold the truck. The following day, Wood purchased the truck from Jones for a single cash payment of $2,700. At the time of the sale, Jones endorsed an assignment and warranty of title on the certificate of title and delivered same to Wood. The sale of the truck from Jones to Wood was completed on Friday September 26, 2008.

Unfortunately, on the afternoon of September 28, 2008, two days after purchasing the truck from Jones, Wood was involved in an accident in Russellville, Kentucky, when he struck a bicycle ridden by Jordan Allen. Allen suffered catastrophic and permanent injuries as a result of the accident. At the time of the accident, Wood had not applied for a new title and did not have insurance on the vehicle.

On July 22, 2009, Allen filed a personal injury action against Wood in the Logan Circuit Court. On October 28, 2009, Allen moved for leave to file an amended complaint[1] to add Jones as a party defendant on the grounds that at the time of the accident, Jones was still the owner of the pick-up truck and had negligently entrust-

ed such to Wood. Jones thereafter responded with a Kentucky Rules of Civil Procedure (CR) 12.02 motion to dismiss for lack of personal jurisdiction. Jones contended that there were no facts or circumstances surrounding the sale of his truck to indicate that he purposefully availed himself of the privilege of acting in Kentucky or that he purposefully caused a consequence in Kentucky. On February 28, 2011, the trial court granted Jones's motion and dismissed all claims against him. This appeal ensued.

On appeal, Allen contends that the trial court erred in finding that it did not have personal jurisdiction over Jones. Allen's position hinges upon his belief that Jones did not relinquish ownership of the truck when he sold same to Wood because his actions did not sufficiently transfer title under Tennessee or Kentucky law. Further, Allen makes a public policy argument that a seller of a vehicle, presumably a resident or nonresident, has an obligation to ensure that buyers have liability insurance. We disagree.

When an action is filed in Kentucky against a nonresident, the plaintiff carries the burden of establishing jurisdiction over the defendant. *Auto Channel, Inc. v. Speedvision Network, LLC,* 995 F.Supp. 761, 763 (W.D.Ky.1997). *See also Hinners v. Robey,* 336 S.W.3d 891 (Ky.2011). Kentucky Revised Statutes (KRS) 454.210, Kentucky's long-arm jurisdiction statute, enumerates nine distinct instances in which Kentucky courts may exercise personal jurisdiction over a nonresident. Specifically, the statute provides, in relevant part:

> (2)(a) A court may exercise personal jurisdiction over a person who acts direct-

---

1. Allen also added State Farm Insurance Company as a party; however, such is not relevant to this appeal.

ly or by an agent, as to a claim arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or goods in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume, or be affected by, the goods in this Commonwealth, if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth, providing the claim arises from the interest in, use of, or possession of the real property, provided, however, that such in personam jurisdiction shall not be imposed on a nonresident who did not himself voluntarily institute the relationship, and did not knowingly perform, or fail to

perform, the act or acts upon which jurisdiction is predicated;

7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8. Committing sexual intercourse in this state which intercourse causes the birth of a child when:

a. The father or mother or both are domiciled in this state;

b. There is a repeated pattern of intercourse between the father and mother in this state; or

c. Said intercourse is a tort or a crime in this state; or

9. Making a telephone solicitation, as defined in KRS 367.46951, into the Commonwealth.

▆▆▆ Thus, under KRS 454.210, nonresident defendants whose activities fall outside the criteria of the statute may not be subject to long-arm jurisdiction. In addition,

> [E]ven when the defendant's conduct and activities fall within one of the enumerated categories, the plaintiff's claim still must "arise" from that conduct or activity before long-arm jurisdiction exists. Claims based upon contacts, conduct, and activities which may not fairly be said to meet one of these explicit categories must be held to be outside of the reach of the statute, regardless of whether federal due process might otherwise allow the assertion of *in personam* jurisdiction.

*Caesars Riverboat Casino, LLC v. Beach,* 336 S.W.3d 51, 56 (Ky.2011).

▆▆▆ Jones, as a Tennessee resident transacting a sale in Tennessee of a vehicle registered in Tennessee, was required to follow Tennessee law in transferring the title of the vehicle. Tenn.Code Ann. § 55–

3–118, which governs the transfer of a title to a motor vehicle, provides:

> (a) In order to transfer titling to any motor vehicle coming within the provisions of chapters 1, 2, this chapter and chapters 4–6 of this title, the owner shall endorse an assignment and warranty of title upon the certificate of title, if in such owner's possession, for such vehicle, with a statement of all liens or encumbrances, and the owner shall deliver the certificate of title to the purchaser or transferee at the time of delivering the vehicle. . . .

As stated in Jones's affidavit, at the time Wood purchased the truck, Jones endorsed an assignment and warranty of title on the certificate of title and delivered same to Wood. Significantly, Wood paid the full purchase price and took possession of the truck free of any liens or encumbrances.

We are of the opinion that Jones fully complied with the requirements of Tennessee law in transferring the vehicle to Wood on September 26, 2008. Furthermore, it is clear from the record that Jones did not transact business in Kentucky, did not contract to supply goods or services in Kentucky, and did not cause tortious injury by an act or omission in Kentucky. Without question there is no evidence to support a theory that Jones acted in any manner which would subject him to the jurisdiction of a Kentucky Court.

However, even if the transaction were governed by Kentucky law, Jones would still prevail since the transfer of title was properly completed. In *Graham v. Rogers,* 277 S.W.3d 251 (Ky.App.2008), a panel of this Court held that the transfer of title occurs when an individual seller completes and signs the assignment of title section of the title certificate and delivers same to an individual buyer. The panel's decision was based upon an interpretation of the Kentucky Supreme Court's decision in *Nantz v. Lexington Lincoln Mercury Subaru,* 947 S.W.2d 36 (Ky.1997). Inexplicably, however, Allen maintains that the law is "far from settled" because *Graham* is only a decision of this Court interpreting a "controversial" decision. As such, Allen urges us to ignore the holding in *Graham,* and instead find that Wood's failure to title the truck in Kentucky imposes liability upon Jones as the legal owner of the vehicle. We decline to do so.

Finally, we find no merit in Allen's public policy argument that this Court should impose a rule upon sellers of vehicles, presumably in all states, to determine whether the purchaser has liability insurance, the failure of which would result in the seller's liability insurance remaining on the vehicle. Not only do we find no precedent in Kentucky to support such a holding, it is the function of the legislature, not the judiciary, to engage in such policy determination.

For the reasons set forth herein, the order of the Logan Circuit Court dismissing claims against Henry Jones for lack of personal jurisdiction is affirmed.

ALL CONCUR.